THE PEOPLE ex rel. William P. Rinne

v.

FREDERICK W. BLOCKI et al.

*Opinion filed June 16, 1903.*

1. MANDAMUS—*when third party is properly made a party.* On petition for *mandamus* to compel the commissioner of public works to remove certain switch tracks from a street, a tenant of property abutting upon such street, who receives goods in car-load lots over such tracks and who avers in his verified petition that the maintenance of such tracks is necessary to his business, may, under section 7 of the Mandamus act, be made a party defendant.

2. SAME—*what essential to authorize writ of mandamus.* To justify granting a writ of *mandamus* the petitioner must show a clear right to the writ, and the act sought to be enforced must be one not only lawful and proper in itself, but also one which the respondent may properly do.

3. SAME—*when writ of mandamus should not issue.* A city has no power to repeal an ordinance authorizing the laying of switch tracks in a street by a resolution directing the commissioner of public works to remove such tracks, and as the commissioner, by obeying the resolution, would be liable in damages, he should not be compelled to do so by *mandamus.*

4. MUNICIPAL CORPORATIONS—*ordinances must be general in character.* Ordinances declaring switch tracks in streets to be a nuisance must be general in character and affect all tracks similarly situated, and not single out a particular track and declare it a nuisance.

5. SAME—*right of city to allow switch track to be laid.* A municipal corporation may grant to an individual the right to lay a switch track in a street to connect a manufacturing plant located on private property with the main track of a railroad company in such street, such switch track, when laid, being, in contemplation of law, a part of the main track, and a public highway.

6. SAME—*filing map showing location of switch track not jurisdictional.* The filing of a map showing the location of a proposed switch track, with the petition to a town board for permission to lay such track, is not jurisdictional, and if permission is granted and the track laid, the town, and the city to which it is subsequently annexed, are estopped to raise the question of absence of such map.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This is an appeal from a judgment of the circuit court of Cook county sustaining a demurrer to the amended petition filed in said court in the name of the People, on the relation of William P. Rinne, against Frederick W. Blocki, commissioner of public works of the city of Chicago, praying for a writ of *mandamus* commanding him, as such commissioner, to remove certain switch tracks from Wallace street, one of the public streets of the city of Chicago, laid therein by Jonathan Pettet and the Indiana Gravel and Sand Company. Samuel F. Rush filed a petition representing that he was interested in the maintenance of said switch tracks, and asked leave to be made a' party defendant. Leave was given and he joined in the general demurrer of Blocki to said petition.

The petition alleged that the relator was a resident, tax-payer and legal voter of the city of Chicago; that respondent, Blocki, was the duly appointed and acting commissioner of public works of said city; that under its ordinances it was the duty of said commissioner to take special charge and superintendence of the streets of said city; that on August 16, 1886, Jonathan Pettet was granted permission to lay a switch track in Wallace street, connecting the lumber yard of said Pettet with the railroad track of the Chicago and Western Indiana Railroad Company then laid in said street, by the board of trustees of the town of Lake; that on June 18, 1889, said board of trustees also granted to the Indiana Gravel and Sand Company permission to lay tracks across said street to connect its yard with the main track of said Chicago and Western Indiana Railroad Company in said street; that the Indiana Gravel and Sand Company has ceased doing business and the permit granted to it has inured to the benefit of Pettet; that the town of Lake, subsequent to the granting of said permits, was annexed to the city of Chicago and said street is now within the corporate limits of said city and under its control; that the city council of the city of Chicago has declared said

switch tracks to be a nuisance and ordered their removal by said commissioner of public works, which, upon demand, he has refused to do.

PINCKNEY, TATGE & ABBOTT, for appellant:

A city has no power or authority to grant the exclusive use of its streets to any private person or for any private purpose, but must hold and control the possession exclusively for the public use, for the purpose of travel, and the like. The rule is, that all public highways, from side to side and from end to end, are held for the use of the public, and no other safe rule can be adopted. *Pennsylvania Co.* v. *Chicago,* 181 Ill. 289.

The use of the streets must be for the public, and no corporation or individual can acquire an exclusive right to their use, or to the use of any part of them, for private purposes. *Smith* v. *McDowell,* 148 Ill. 51; *Corcoran* v. *Railroad Co.* 149 id. 129; *Field* v. *Barling,* id. 556.

A permanent encroachment upon public streets for a private use is a purpresture, and is, in law, a nuisance. *Hibbard & Co.* v. *Chicago,* 173 Ill. 91.

Such permission to use the streets is not binding upon the city, and is not irrevocable. *Snyder* v. *Mt. Pulaski,* 176 Ill. 397.

CHARLES M. WALKER, and MICHAEL F. SULLIVAN, for appellee Frederick W. Blocki:

The commissioner of public works of the city of Chicago has control over the streets of said city, subject to the charter and ordinances of the city. His control is not subject to mere orders of the city council. Municipal Code 1897, sec. 1605, p. 337.

The writ of *mandamus* should not be awarded unless petitioner shows a clear right to have the thing sought by him done, or unless it is the clear duty of the respondent to act. *McGann* v. *People,* 194 Ill. 526; *Swift* v. *Klein,* 163 id. 269; *People* v. *Village of Crotty,* 93 id. 186; *People* v.

*Mayor,* 51 id. 18; *Swigert* v. *County of Hamilton,* 130 id. 549; *Commissioners* v. *People,* 66 id. 341.

The writ should not be awarded in a doubtful case, nor where the act done under the writ, if issued, might lead to an action of trespass. *Commissioners* v. *People,* 66 Ill. 341; *People* v. *Curyea,* 16 id. 548.

An ordinance cannot be amended, repealed or suspended by a resolution or order. The act which amends, modifies or repeals a law should be of equal dignity with the act which enacts or establishes the law. *People* v. *Mount,* 186 Ill. 578; *Railroad Co.* v. *Chicago,* 174 id. 445; *Hibbard & Co.* v. *Chicago,* 173 id. 97.

WELLS & KELLY, (HOLLETT, TINSMAN & SAUTER, of counsel,) for appellee Samuel F. Rush:

The municipality has authority to grant to private individuals the right to lay switch tracks connecting with a railroad. *Truesdale* v. *Grape Sugar Co.* 101 Ill. 561; *Dock Co.* v. *Garrity,* 115 id. 155; *McGann* v. *People,* 194 id. 526.

Switch tracks so laid become, in legal contemplation, to all legal intents and effects, tracks of the railroad with which they are connected. *Dock Co.* v. *Garrity,* 115 Ill. 155; *McGann* v. *People,* 194 id. 526.

Municipal authorities may do anything with or allow any use of streets which is not incompatible with the ends for which streets are established, and it is a legitimate use of a street to allow a railroad track to be laid down in it. *Murphy* v. *Chicago,* 29 Ill. 279; *Quincy* v. *Bull,* 106 id. 327; *Railroad Co.* v. *Joliet,* 79 id. 39; *Railroad Co.* v. *Hartley,* 67 id. 439; *Chicago* v. *Stock Yards,* 164 id. 224.

Under its authority to abate a nuisance the city can not arbitrarily deprive one of property rights without due process of law. *Railway Co.* v. *Atlanta,* 54 L. R. A. 296.

A license, when acted upon in a substantial manner, so that to revoke it would be inequitable and unjust, will be treated, in law, as a binding contract. *Harvey* v. *Railroad Co.* 186 Ill. 283; *Belleville* v. *Railway Co.* 152 id. 171.

A railroad track is not a nuisance. A distinction must be taken between the structure itself and the use to which it has been put. *Chicago* v. *Stock Yards*, 164 Ill. 224.

Railroad tracks laid in a street are not a nuisance *per se*. *Cape May* v. *Railway Co.* 39 L. R. A. 609.

The order passed by the common council on June 10, 1901, selects these particular switch tracks and declares them nuisances. It is special legislation, contrary to law, and void. The city can only define and abate nuisances by general ordinances. *Hibbard & Co.* v. *Chicago*, 173 Ill. 91; *Harding* v. *People*, 160 id. 459.

Municipal authorities can only exercise the powers conferred by the legislature by appropriate ordinances. Such ordinances must be general in their character and operate equally upon all persons within the municipality of the class to which the ordinance relates. *Zanone* v. *Mound City*, 103 Ill. 556; Dillon on Mun. Corp. sec. 322.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

It is first contended that the court erred in permitting said Samuel F. Rush to become a party defendant. The petition for leave to become a party defendant, filed by Rush, was verified, and averred that he was a resident and citizen of the city of Chicago and a tax-payer therein; that he was, and had been for over three years, an occupant, as tenant, of six lots and the buildings thereon; that the rear of said lots and buildings extended for one hundred and fifty feet adjacent to and along the switch tracks mentioned in the petition for *mandamus;* that he had a lease on said premises until March 1, 1905, with the privilege of renewal úpon the expiration of the term; that he was, and had been for three years, engaged in dealing at wholesale, in car-load lots, in potatoes, hay, grain and other produce, upon said premises; that it was absolutely necessary that such products be delivered to him in car-load lots at said premises, and that he rented

said lots because of the track facilities afforded by said switch tracks, which tracks provided the only way of delivering such products to said premises in car-load lots; that he used said tracks every day for receiving and discharging car-load lots of produce, and that during the year just past he received over five hundred cars upon such tracks; that the maintenance of such tracks was necessary to the carrying on of his business, and that their removal would render the said premises unfit for his use and destroy the value of his lease and work irreparable injury to his business. Section 7 of chapter 87, entitled "Mandamus," (Starr & Cur. Stat. 1896, p. 2682,) provides: "If after the filing of any such petition, any person other than the original defendant shall appear to the court to have or claim any right or interest in the subject matter, such person may be made a defendant, and may be summoned, and appear and plead, answer and demur in the same manner as if he had been made defendant to the original petition." Under the practice recognized in *People* v. *Maxon*, 139 Ill. 306, *People* v. *City of Chicago*, 193 id. 507, and *People* v. *City of Chicago*, id. 543, we are of the opinion the court did not err in permitting Samuel F. Rush to become a party defendant.

The main contention of appellant is, that the permits to Pettet and the Indiana Gravel and Sand Company to lay switch tracks in Wallace street and connect said lumber and gravel and sand yards, respectively, with the main track of the Chicago and Western Indiana Railroad Company in said street, were a diversion of said street from its public use to a private use, and that said permits were void. The street, at the time said permits were granted, was under the control of the board of trustees of the town of Lake, and under the power conferred upon that municipality by law it was authorized to allow the use of said street for any purpose not incompatible with the purpose for which it was established, and to allow a railroad track to be laid therein was not a use incom-

patible with the purpose for which it was established. In *City of Quincy* v. *Bull*, 106 Ill. 337, on page 349 it was said: "In this State there is vested in municipal corporations a fee simple title to the streets. Under the power of exclusive control over streets it is very well settled by decisions of this court that the municipal authorities may do anything with, or allow any use of streets, which is not incompatible with the ends for which streets are established, and that it is a legitimate use of a street to allow a railroad track to be laid down in it.—*Moses* v. *Pittsburgh, Ft. Wayne and Chicago Railroad Co.* 21 Ill. 515; *Murphy* v. *City of Chicago*, 29 id. 279; *Chicago and Northwestern Railway Co.* v. *People ex rel.* 91 id. 251."

In *Truesdale* v. *Peoria Grape Sugar Co.* 101 Ill. 561, *Chicago Dock and Canal Co.* v. *Garrity*, 115 id. 155, and *McGann* v. *People*, 194 id. 526, it was held a municipality has authority to grant to private individuals the right to lay switch tracks in its streets with which to connect manufacturing plants located upon private property with the main track of a railroad company in said street, and that when so laid such switch tracks, in legal contemplation, become a part of the main track with which they are connected, and are public highways. In *Truesdale* v. *Peoria Grape Sugar Co. supra*, private individuals owning property and carrying on business in the vicinity sought to enjoin the defendants from laying a side-track, under an ordinance of the city of Peoria, in the street in front of their own property to connect with the railroads in the street, and the point was made that the side-track, although constructed under an ordinance of the city granting a license to lay it in a public street, when constructed would be solely for the "convenience and benefit" of the corporation constructing it. The court, on page 567, say: "This is a misapprehension of the law. Section 12, article 11, of the constitution, provides that 'railways heretofore constructed or that may hereafter be constructed in this State are hereby declared public highways, and

203—24

shall be free to all persons for the transportation of their persons and property thereon, under such regulations as may be prescribed by law.' The track defendant was authorized by ordinance to construct, when completed and attached to the principal track, is as much a 'public highway,' in the sense that term is used in the constitution, as is the road of the company to which it is attached, and no doubt is entertained the company is subjected to the same duty to use it for the 'convenience and benefit' of the public as any part of its main track." And in *Chicago Dock and Canal Co.* v. *Garrity, supra,* which was a bill filed to enjoin the laying of tracks in Illinois street, in the city of Chicago, connecting with the tracks of the Chicago and Northwestern Railway Company, the point was raised that the grants, by virtue of the ordinances, were to a private corporation and to private parties, and that they were illegal for that reason. The court said (p. 167): "We have held that there may be a grant to private individuals of the right to lay tracks in the streets connecting with public railway tracks previously laid and extending to the manufacturing establishments of those laying the tracks; but in such cases the tracks so laid become, in legal contemplation, to all intents and effects, tracks of the railway with which they are connected, and open to the public use and subject to the public control, in all respects, as other railway tracks open to public use. We have not regarded the circumstances that they were laid with private funds, and that they terminated opposite or within convenient contiguity of a private manufacturing establishment, as materially affecting them and giving a private character to their use. All termini of tracks and switches are more or less beneficial to private parties, but the public character of the use of the tracks is never affected by this. If they are open to the public use indiscriminately, and under the public control to the extent that railroad tracks generally are, they are tracks for public use. It may

be, in such cases, that it is expected, or even that it is intended, that such tracks will be used almost entirely by the manufacturing establishment; yet if there is no, exclusion of an equal right of use by others, and this singleness of use is simply the result of location and convenience of access, it cannot affect the question.—*Truesdale* v. *Peoria Grape Sugar Co.* 101 Ill. 561; *Mills* v. *Parlin*, 106 id. 60." And in *McGann* v. *People*, *supra*, on page 539 the court said: "It is true that ordinances permitting an individual to lay down a railroad track in the street, which connects with the main track of a railroad company, have been sanctioned by this court. But such ordinances have been held to be valid upon the ground that the track thus permitted to be laid down and to be connected with the main track of a railroad company is only an extension of the track of the railroad company itself, and is, in effect, a grant to the railroad company to lay its track in the public street through the individual presenting the application. The common council can only grant the use of the public streets for a public purpose, and it has been held by this court that where a railroad company is permitted to lay its tracks in a street or upon public grounds, such use of the street or of the public grounds is for the benefit of the public. The use of the public street by the railroad company in such cases is justified upon the ground that its use for railroad purposes is a public use."

We therefore conclude that the permits granted to Pettet and the Indiana Gravel and Sand Company by the board of trustees of the town of Lake were not void on the ground that they amounted to a grant of the use of said street for a private use.

It is next contended that the permits granting the right to lay switches in the said streets were void, as no maps showing the location of said switches accompanied the petitions, respectively, for said permits. We do not deem the filing of maps showing the proposed location

of switch tracks in said streets, with the petitions presented to the board of trustees of the town of Lake, jurisdictional; and even if they were, the board of trustees having granted said permits and the same having been acted upon by the construction of said switches, we think the town of Lake, and the city of Chicago since annexation, are estopped to raise the question whether or not the petitions presented to the board of trustees were accompanied by said maps. If the permits amounted to no more than a license, when acted upon by the construction of the switches they became binding upon the municipality, and if binding upon the municipality they are binding upon the appellant. In *Chicago Municipal Gas Light and Fuel Co.* v. *Town of Lake*, 130 Ill. 42, on page 54 the court said: "The privilege of the use of the public streets of a city or town, when granted by ordinance, is not always a mere license and revocable at the pleasure of the municipality granting it, for if the grant is for an adequate consideration and is accepted by the grantee, then the ordinance ceases to be a mere license and becomes a valid and binding contract; and the same result is reached where, in case of a mere license, it is, prior to its revocation, acted upon in some substantial manner, so that to revoke it would be inequitable and unjust."

The permits to lay switch tracks in said street were granted by the board of trustees of the town of Lake in the years 1886 and 1889, respectively, and on the 10th day of June, 1901, the city council of the city of Chicago passed an order "that the commissioner of public works be and he is hereby directed to remove the switch tracks of Jonathan Pettet and the Indiana Gravel and Sand Company laid in Wallace street and the public alleys between Sixty-second and Sixty-third streets, as the same are a nuisance." The city council was powerless, by resolution, to repeal the ordinances of the town of Lake granting the permits to lay switches in said street, (*Hibbard, Spencer, Bartlett & Co.* v. *City of Chicago*, 173 Ill. 91;

*Chicago and Northern Pacific Railroad Co.* v. *City of Chicago,* 174 id. 439; *People* v. *Mount,* 186 id. 560;) and as the commissioner of public works, by obeying the order, would have subjected himself to an action for damages, he was not obliged to obey the same and should not be commanded so to do by *mandamus. People* v. *Curyea,* 16 Ill. 547.

The city council has no authority to declare and abate nuisances by a mere resolution, as was attempted in this case. The order of the city council of June 10, 1901, relied upon by the petitioner, singled out the particular switch tracks described therein and ordered their removal, "as the same are a nuisance." This was class legislation and obnoxious to the constitution of the State of Illinois. "Ordinances cannot favor or discriminate against any person or class of persons, but must be uniform and of general operation within the corporate limits." (*Hibbard, Spencer, Bartlett & Co.* v. *City of Chicago, supra,* p. 98.) "Municipal corporations are mere creatures of the legislative will, and can exercise no powers except such as the State has conferred upon them. * * * Their governmental and administrative powers (other than those conferred by statutory or constitutional enactments, which are self-executing,) can only be exercised by appropriate ordinances. Such ordinances must be general in their character, and operate equally upon all persons within the municipality of the class to which the ordinance relates." (*Zanone* v. *Mound City,* 103 Ill. 552, p. 556.) Admitting that the switch tracks might become nuisances, the common council, by virtue of the power delegated to it by the legislature, would only have the right to abate or suppress the same by a general ordinance which applies alike to all switch tracks similarly situated, otherwise the owner of other tracks laid and maintained under the same authority as those in question would enjoy a right or privilege denied to the owner of the particular switch tracks singled out for removal. "Each person subject to the laws has a right that he

shall be governed by general, public rules. Laws and regulations entirely arbitrary in their character, singling out particular persons not distinguished from others in the community by any reason applicable to such persons, are not of that class. Distinctions in rights and privileges must be based upon some distinction or reason not applicable to others." (*Harding* v. *People*, 160 Ill. 459, p. 465.) It has been said nothing is better settled in the whole domain of law than that the relator in a *mandamus* proceeding must show a clear and indubitable right to the writ, and the act sought to be enforced must not only be lawful and proper in itself, but it must also be one that the respondent may properly do. *People* v. *Village of Crotty*, 93 Ill. 180; *Swift* v. *Klein*, 163 id. 269; *People* v. *McGann, supra.*

We have examined this record with care, and are of the opinion the relator has failed to show a clear right to have said switch tracks removed, or that it is the duty of the respondent to act. The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*