### George Walther v. Chicago & Western Indiana Railroad Company.

#### Gen. No. 11,607.

1. FREIGHT HOUSE AND TRACKS—*when abutting property owner cannot enjoin construction of.* An abutting property owner cannot enjoin a railroad company from lawfully constructing on its own property a freight house and tracks and operating upon the tracks, where the same are separated from the property of such owner by a street sixty feet wide, notwithstanding injury may result to his property.

Proceeding to enjoin construction of freight house, etc. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed December 15, 1904.

**Statement by the Court.** Plaintiff in error filed a bill against defendant in error, the abstract of which is as follows:

" Orator, George Walther, represents that he is a resident, property owner and taxpayer of the city of Chicago, Cook county, Illinois, and is the owner in fee of the south two-thirds of Lot 8 and all of Lots 9 and 12 in Block 7 of the

subdivision known as Linden Grove Subdivision in the city of Chicago, Cook county, Illinois; that the said property has a frontage on Lowe avenue, between Sixty-fourth and Sixty-fifth streets, of 216 feet, and a depth of 234 feet; that orator purchased part of said property in 1874, and the balance prior to 1884; that during the year 1881 he constructed a dwelling house on said property, which has been ever since and still is his homestead; that the only means of access, either for carriages or pedestrians, to said property is by way of said Lowe avenue; that said property, with improvements thereon, is reasonably and fairly worth $70,000; that said avenue is a public highway, and one of the main thoroughfares of that part of the city; that for more than forty-five years last past the public has been in the uninterrupted use of same, and that said avenue in the vicinity of orator's property is now and has been for more than twenty years strictly a residence avenue; that orator purchased said property and made the aforesaid improvements, and also erected a four-flat brick building thereon, at great expense, with special reference to and relying upon an unobstructed use of said avenue, and that said avenue was to be used only as a residence avenue; that orator has received from said flat building an annual income of about $1,000; that the block in which orator lives is thickly built up with residences; that every lot in the block just across the avenue from orator's residence facing Lowe avenue, excepting two only, is improved with either a brick or a frame dwelling house; that the immediate neighborhood of orator's property is composed of dwelling houses and is a closely built residence neighborhood; that orator and his family have, up to the present time, enjoyed the comforts of a quiet and peaceful residence neighborhood, and the use of said Lowe avenue as a strictly residence avenue; that orator exhibits his bill against the Chicago and Western Indiana Railroad Company, a corporation, in behalf of himself and others similarly situated who may become co-complainants upon payment of their *pro rata* share of expenses; that said railroad company has recently purchased all of the property in Blocks 8 and 13 in said Linden Grove Subdivision, abutting on said Lowe avenue, and between said Lowe avenue and its present right of way, a distance of about 230 feet; that said land purchased by the railroad company includes all the property west of its present right of way and east of the east line of Lowe avenue between Sixty-fourth and Sixty-sixth streets; that the title to ora-

tor's property and to the property so purchased by the railroad company is derived from a common source, namely, the original proprietors of Linden Grove Subdivision; that the plat of said subdivision was executed and recorded on the 9th day of January, A. D. 1857; that by reason of the exhibition and publication of said subdivision and plat and by the sale of lots thereunder to the respective grantors of orator and said defendant, there has resulted, as between orator and said defendant, the right in law to have the said Lowe avenue remain absolutely and wholly open forever, of the same dimension and to the same extent as delineated upon the subdivision and plat aforesaid; that said defendant leases the use of its right of way and the tracks constructed thereon to other railroad companies, namely, the Belt Railroad Company of Chicago, Chicago and Eastern Illinois Railroad, the Monon Route, the Wabash Railroad and the Chicago and Erie Railroad Company, and by other railroad companies to orator unknown; that the said railroad companies use said tracks for transporting freight; that the defendant threatens and is about to build a large freight house on its said property, between Sixty-fifth and Sixty-sixth streets, west of its right of way and facing orator's property, and also threatens and is about to build side tracks or switches connecting the said freight house with the main track of its right of way abutting on the above mentioned avenue and contiguous to and fronting orator's said property; that said defendant intends and proposes to erect a stone wall ten or twelve feet high on the east line of said Lowe avenue, between Sixty-fourth and Sixty-sixth streets, and opposite to orator's property; that the defendant also intends and threatens to fill in the property so purchased by it, as aforesaid, so as to bring the surface of the ground to the top of the stone wall, above referred to; that the defendant threatens and proposes to construct eight side tracks or switches on this elevated ground, all parallel with and contiguous to said Lowe avenue, and threatens and proposes to use said side tracks or switches for storing freight cars which are used for outgoing and incoming freight consigned in car lots; that said switch tracks will be used for similar purposes by other railroads, lessees aforesaid; that the said side tracks to be used as a freight yard, as aforesaid, will accommodate approximately 300 cars; that the defendant threatens and proposes to construct an entrance and driveway directly in front of orator's property to be used by traffic teams, ex-

press and delivery wagons as a means of access to said cars; that owing to the elevation of said tracks, the driveway will, of necessity, be built on an incline, and will extend out into the street; that said freight house and switch tracks are to be used as a general freight depot and freight yards by the defendant and its lessees for receiving, unloading, shipping and handling freight; that in loading and unloading the large number of cars which will be stored in said freight yard, a large number of heavy traffic teams drawing large express and delivery wagons will use the driveway as aforesaid, thus changing the character of the neighborhood, blocking up said public avenue in front of orator's premises, interfering with the free access thereto and greatly depreciating the value thereof; that the establishment of the freight depot and switch tracks, abutting on said residence avenue and in said residence neighborhood, is capricious, unjust, unnecessary, wrongful, oppressive and unlawful to orator, and will cause him irreparable injury; that the said freight house will greatly reduce the value of orator's premises and of abutting property, and will necessarily reduce the rents received from his said flat building; that some of orator's tenants now in his said flat building threaten to move if the construction of the proposed freight depot and switch tracks is commenced; that the defendant proposes to use said switch tracks and sidings along and contiguous to the said avenue in front of orator's said premises for storing, switching and moving freight cars, using steam locomotives in and about such switching and moving, and that most of said switching will be done in the night-time; that if the defendant carries its said threats and purposes into execution, the property of orator will be greatly and irreparably damaged by reason of great noise attendant upon the operation of locomotives; that the puffing of the engines, the ringing of bells of locomotives so close to said avenue, the emission of hurtful and offensive gases, smoke, soot, cinders and coal dust, from the said engines pouring down upon and borne by the wind into orator's dwelling house and premises and filling the house with smoke, soot and cinders will damage and soil the clothing, furniture, curtains and linens in orator's residence, and in the flats of said flat building, will destroy the peace and comfort of orator and his family, will render the air offensive and unwholesome, and the house uncomfortable and unhealthy as a habitation, and render it impossible for orator and his family to continue to occupy his said resi-

dence and premises as a family residence, greatly reduce the renting value of the premises, and irreparably depreciate the value of said property; that if defendant is allowed to carry out its said threats and purposes to construct a freight depot at the place aforesaid where freight will be received for shipment, handled, loaded and unloaded, the heavy traffic teams and express and delivery wagons carrying the freight to said depot for shipment, and receiving freight from said depot for delivery at different places in Englewood and vicinity, will block up said avenue in front of orator's premises and interfere with the free access thereto, and make a halting place in front of said premises for heavy traffic teams, express and delivery wagons traveling over said Lowe avenue while waiting for an opportunity to load or unload their goods; that defendant has taken and is taking active measures to carry its said threats and purposes into execution, has advertised for sale all of the residences and buildings standing on said two tracts of land above described, and caused notices to be served on the tenants of said buildings to vacate the same before the first day of April, 1903; that the purchasers of said buildings are taking steps to move the buildings purchased by them, and for that purpose moving blocks and rollers have been piled upon said premises; that the defendant has caused plans of the proposed freight depot and side tracks to be prepared by its engineers and architects, and has instructed its officers and agents to proceed at once with said work and construct said freight depot and switch tracks, and orator has good reason to fear, and does fear, that said defendant will carry its intention and threat into execution, unless restrained by injunction; that the effect of the construction and use of such freight depot and switch tracks, if the same be not prevented, will be to deprive orator and the occupants of his said building of free access to the aforesaid premises and the free use of the said avenue; will hinder and defer traffic and the free passage of carriages and other vehicles along and on said avenue in front of orator's said premises; will render orator's premises, including his said flat building, untenantable from the smoke, noise, offensive gases and other annoyances that will arise from the proposed use by the defendant and its lessees of land above described; will completely change and alter the character and condition of the said avenue and neighborhood; will cause irreparable injury to orator; will reduce the value of his said property at least one-half; will

prevent the advantageous renting of said flat building and reduce the rents at least one-half, and will in many other ways cause serious and continuing damage to orator and his property; that such damage will amount to many thousands of dollars and will be beyond legal remedy or relief if not prevented by the court.

Prayer for injunction against said Chicago and Western Indiana Railroad Company, its officers, clerks, attorneys, agents, servants, lessees, licensees and employees, restraining them from further proceeding, in any way, in the erection and construction of a freight depot, or freight house," etc.

The defendant demurred to the bill, and the court dismissed the bill at complainant's costs.

ANGELL & PADDOCK, for plaintiff in error.

EDGAR A. BANCROFT and GEORGE C. GALE, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

A plat of the premises in question is annexed to the bill and made a part thereof, by reference in the bill. The plat is drawn to a scale of 150 feet to the inch, and shows Lowe avenue to be about sixty feet wide. It is a north and south street. Complainant's property is on the west side of the street and his building, described in the bill, fronts east on Lowe avenue between Sixty-fourth and Sixty-fifth streets in the city of Chicago. The property of the defendant, the railroad company, is on the east side of Lowe avenue, opposite complainant's property, and distant from it the width of the avenue, or about sixty feet. It fully appears from the bill that the railroad company proposes to devote its property to railroad uses, namely, for a freight house and for side tracks, connecting with its main tracks on its right of way, which it is averred in the bill lies about 234 feet west of its property on the west side of Lowe avenue, and for storing its cars.

The question is whether the railroad company can be enjoined from using its property as stated in the bill. No

contemplated use of the street by the company is averred in the bill, except for teaming in its railroad business. It is averred that, owing to the elevation of its tracks, the driveway into the freight yard proposed to be established, from the street, must be built on an incline which will extend into the street; but this, if true, will not necessarily interfere with the access to complainant's property on the other side of the street. As long ago as the year 1859, it was sought to enjoin a steam railroad company from constructing its tracks in a public street of the city of Chicago, and from operating its trains thereon, and the reasons averred in the bill in that case why the company should be enjoined were fully as cogent, to say the least, as the reasons averred in the bill in question; but the court held that the use of the street by the railroad company was a legitimate use, and that the company could not be enjoined. The court said, among other things: "It must necessarily happen that streets will be used for various legitimate purposes, which will, to a greater or less extent, discommode persons residing or doing business upon them, and just to that extent damage their property; and yet such damage is incident to all city property, and for it a party can claim no remedy." Moses et al. v. Pittsburgh, Ft. Wayne & Chicago R. R. Co., 21 Ill. 516. It is true that, under the present constitution, compensation must be made for property taken or damaged for public use, but that is foreign to the question here presented.

In Stetson v. C. & E. R. R. Co., 75 Ill. 74, an injunction was sought to enjoin the railroad company from operating its trains on tracks which it had constructed in a public street of the city of Chicago, in front of the complainant's property. In the statement of the case the court say: "The right to relief is predicated on the alleged fact, the construction of the railroad track had depreciated and decreased the value and price of lots fronting on the avenue; that the running of cars and locomotives would further diminish the value and price of lots, and would render access inconvenient and difficult." The court held that

the bill could not be maintained, saying: " It may be re-garded as the settled law of this state, that an owner of an abutting lot cannot prevent the use of a street for a rail-way, when such use is permitted by the city and is author-ized by an act of the legislature." The court also held that, if the complainant had suffered any damage by the railroad company's use of the street, his remedy was not in equity, but at law. Ib. 76-7. The following cases are to the same effect: Patterson v. C. D. & V. R. R. Co., 75 Ill. 588; P. & R. I. Ry. Co. v. Schertz, 84 Ill. 135; Truesdale v. Grape Sugar Co., 101 Ill., 561; Doane v. Lake St. El. R. R. Co., 165 Ill. 510; People v. Blocki, 203 Ill. 363, 368-371.

In Doane v. Lake St. El. R. R. Co., *supra*, the court say: "The court has frequently held that, where an additional use of a street has been granted by the city to build and operate a street railroad, an injunction will not be granted to restrain the construction or operation of the road, at the suit of the abutting owner (Moses v. Railroad Co., *supra;* Murphy v. City of Chicago, 29 Ill. 279), and that, since the constitution of 1870, such owner cannot maintain a bill to enjoin the same, until the resulting damages to his property are ascertained and paid, but his remedy is by action at law for such damages." The court quote from M. & E. R. R. Co. v. Pruden, 20 N. J. Eq. 530, the following: " If the use of a railroad in front of his premises becomes a nuisance, or the aggression proves to be a permanent injury without an adequate remedy at law, then the court will be com-petent to administer equitable relief by injunction to pre-vent its continuance, or for its removal. But a strong case must be presented and the impending danger must be im-minent to justify the issuing of an injunction as a precau-tionary and preventive remedy." Ib. 520.

In the present case the railroad company is the owner of the property which it proposes to use for railroad purposes, which is certainly a legitimate use, and fully authorized by law; and if the owner of property abutting on a public street, as to which such owner has the right of egress and ingress, from and to his property, cannot maintain a bill to

enjoin a railroad company, duly authorized by law, from constructing its tracks in the street and operating its cars thereon, *a fortiori*, the complainant cannot maintain the present bill to enjoin the defendant railroad company from constructing a freight house and tracks, and operating the tracks, on its own property, separated from the complainant's property by a street sixty feet wide.

The decree will be affirmed.

*Affirmed.*