L.P. VOIGT, Secretary, Department of Natural Resources
You have requested my opinion regarding the validity of a bulkhead line on the Fox River established by the Town of Ashwaubenon in Brown County. You state that in 1960 the Town filed an application for approval of the proposed bulkhead line with the Public Service Commission pursuant to sec. 30.11, Stats.,[1] and that, though the Commission initially denied the application, it subsequently approved the bulkhead line in 1965 following review of its initial decision by the supreme court in Ashwaubenon v. Public Service Comm. (1963), 22 Wis.2d 38,125 N.W.2d 647. *Page 113 
You further state that in the intervening years considerable filling has been done by riparians behind the bulkhead line, but that it recently has come to the attention of your department that a copy of the ordinance adopted by the town establishing the bulkhead line and accompanying map was not filed with the Brown County Register of Deeds until March 7, 1975.
In light of the above, you ask the following questions:
First, does a town's failure to file copies of a bulkhead line ordinance and map with the register of deeds of the county within which the town is situated as required by sec. 30.11 (3), Stats., render the ordinance void?
Second, if a town's failure to so file does impair the validity of a bulkhead line ordinance, can a subsequent filing cure this defect and render the ordinance effective?
Third, is a bulkhead line established by a town pursuant to sec. 30.11, Stats., effective with respect to riparian lands originally located in the town and affected by the bulkhead line ordinance but subsequently annexed to a municipality which had not adopted the same bulkhead line ordinance as the town?
For the reasons stated below, I conclude that all three of these questions, when construed to properly characterize the issues, should be answered in the affirmative.
In the statement of your first and second questions you characterize the failure to file as voiding or invalidating the ordinance. This characterization is not correct. The ordinance was at all times valid subject to becoming effective upon the occurrence of a condition subsequent, namely, filing in the manner required by statute.
With respect to your first question, sec. 30.11 (3), Stats., provides in pertinent part that:
 ". . . Whenever any municipality proposes to establish a bulkhead line . . . the municipality shall indicate both the existing shore and such proposed bulkhead line upon a map and shall file with the department for its approval 3 copies thereof together with 3 copies of the ordinance establishing the bulkhead line. . . . Upon approval by the department, the municipality shall file the copies of the map and ordinance as *Page 114 
follows: one in the office of the department, one in the office of the clerk of the municipality, and one in the office of the register of deeds of the county in which the waters lie. No such lines are legally established until such copies of the map and ordinance have been so approved and filed." (Emphasis added.)
From this language it is clear that the bulkhead line was not legally established prior to the filing of a copy of the ordinance and map with the Brown County Register of Deeds, even though the town passed an ordinance for the establishment of the bulkhead line during or prior to 1960 and the bulkhead line was approved by the Public Service Commission in 1965. The town's failure to file did not "render the ordinance void," but approval of the ordinance itself was not sufficient to legally establish the bulkhead line. The bulkhead line was established only after both approval of the ordinance and compliance with the filing requirements.
With respect to your second question, sec. 30.11 (3), Stats., does not specify any time limitations for the filing of the map and ordinance with the county register of deeds subsequent to approval by the department. I conclude, therefore, that the filing of the ordinance and map with the requisite local authorities, even though it was done a number of years after the approval of the ordinance and map, did finally result in the legal establishment of the bulkhead line. The delay in filing did not "impair the validity" of the ordinance, but merely postponed the legal establishment of the bulkhead line approved thereby.
With respect to your third question, the general rule is that when territory is annexed to a municipal corporation, it thereby becomes subject to all the laws and ordinances by which the municipality is governed, and all ordinances of the annexed territory cease to exist. 62 C.J.S. Municipal Corporations, sec. 73. However, a well-established exception to this rule is that when an ordinance of the annexed territory affords contractual rights to third parties, such rights are not impaired by the subsequent annexation of the territory in question. People v.Chicago Rys. Co. (1915), 270 Ill. 278, 110 N.E. 394 (concerning the right to operate a street railway in the annexed territory);People v. Chicago Telephone Co. (1910), 245 Ill. 121,91 N.E. 1065 (concerning the right to operate a telephone system in the annexed *Page 115 
territory); People v. Blocki (1903), 203 Ill. 363, 67 N.E. 809
(concerning the right to maintain a switch track on a public street in the annexed territory). See generally, 62 C.J.S.Municipal Corporations, secs. 73 and 78.
In applying these rules to the situation which you describe, it should first be noted that our supreme court has not had occasion to consider them, and I have been unable to find decisions from any other jurisdiction which consider the precise question you raise. It does appear, however, from the decision in theAshwaubenon case, supra, that the establishment of a bulkhead line pursuant to sec. 30.11, Stats., creates in each riparian owner adjacent thereto a "right" to use the river bed up to the established bulkhead line. Ashwaubenon v. Public Service Comm.,supra, at 49. Although such rights are apparently revocable by the state (Id. at 49) and may not be "contractual," it is my opinion that their acknowledged existence, and the reliance by riparian owners which they may be expected to engender, would result in a ruling by our supreme court, if it were presented the issue, that an exception to the general rule similar to the "contractual rights" exception exists.
I conclude, therefore, that where riparian lands subject to a town bulkhead line ordinance are subsequently annexed to a municipality without such an ordinance, the bulkhead line remains in effect with respect to the annexed lands.
BCL:WDB
[1] Administration of this section was transferred from the Public Service Commission to the Department of Resource Development by ch. 614, Laws of 1965, and subsequently to the Department of Natural Resources by ch. 276, Laws of 1969.