| | |
|---|---|
| 100 | 423 |
| 137 | 233 |
| 100 | 423 |
| 182 | 265 |
| 100 | 423 |
| 207 | ²622 |

</div>

<div align="center">

Andrew Richards

*v.*

The People *ex rel.* Alfred Thompson.

</div>

<div align="center">*Filed at Springfield September 30, 1881.*</div>

1. Freehold—franchise—*as affecting right of appeal.* A bill to enjoin a party from obstructing a highway, the existence of which is denied, does not involve a freehold or a franchise, within the meaning of the statute relating to appeals to this court and writs of error.

2. Appeal—*when it lies to this court from Appellate Court.* The statute making the right of appeal from the Appellate Court to this court

depend in certain cases upon the amount in controversy, or of recovery in the court below, has no application when the object of the suit is not to recover a debt or damages, or some specific article of property, either personal or real. In all other cases an appeal lies to this court.

3. ERROR—*reversing on facts, in chancery suit.* Where a number of witnesses have been examined orally on the hearing of a bill in chancery, and a finding had by the circuit court, which is affirmed in the Appellate Court, the decree will not be reversed on the evidence unless this court can see that the conclusion reached was clearly against the weight of the evidence.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. JAMES M. EPLER for the appellant, in answer to the motion to dismiss the appeal:

This is not a case of foreclosing a mortgage, but is an injunction to prevent appellant from obstructing an alleged highway. The citation made of *Corbin* v. *Fox,* 98 Ill. 146, has no application to such a case as this. This case involves both a franchise and a freehold. *Fanning et al.* v. *Russell et al.* 94 Ill. 386; *Lamar Insurance Co.* v. *Gulick,* 96 id. 619.

Mr. RICHARD W. MILLS, for the appellees, in support of his motion to dismiss, cited *Corbin* v. *Fox,* 98 Ill. 146.

The propriety of the decree in this case depends wholly upon the facts. In such cases an appellate court will not reverse when there is evidence that supports, or tends to support, the finding. *Bush* v. *Hendred,* 20 Ill. 93; *Toledo, Peoria and Warsaw Railway Co.* v. *Hagle,* 55 id. 212; *Gulluf* v. *Smith,* 24 id. 586; *Toledo, Wabash and Western Railway Co.* v. *Moore,* 77 id. 217.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the Third District, affirming a decree of the Cass county circuit court awarding an injunction restraining appellant from obstructing an alleged highway. This being a contro-

versy which to some extent affects property rights, and it not affirmatively appearing from the record that the amount involved is as much as $1000, a motion was interposed by appellees in this court to dismiss the appeal. In view of the importance of this motion it was reserved for consideration on the final disposition of the cause. Appellant insists that the suit involves both a freehold and franchise, and upon both these grounds he maintains the case is properly brought to this court. Appellees, on the other hand, maintain the case involves neither a freehold nor franchise, and that therefore this court has no jurisdiction to consider it.

The object of this suit is not to recover a freehold or a franchise, nor are we of opinion that either is involved in it, within the meaning of our statute regulating the jurisdiction of this court. The object of the suit is to restrain appellant from obstructing a certain road which appellees claim to be a public highway, but which appellant denies. The controversy is as to whether the *locus in quo* is subject to the public easement. Appellees practically admit that the soil and freehold are in appellant, hence it can not be said, with any degree of propriety, that a freehold is involved, and as no special privilege or grant is claimed by either of the parties, or is in any sense involved in the controversy, we are unable to perceive upon what theory it is claimed that a franchise is involved. Nevertheless, we are of opinion the appeal was properly brought to this court. The statute making the right of appeal from the Appellate to this court depend, in certain classes of cases, upon the amount in controversy, or of recovery in the court below, has no application where the object of the suit is not to recover a debt or damages, or some specific article of property, either personal or real. In all other cases, by the express provisions of the eighth section of the Appellate Court act, an appeal lies to this court. As already seen, appellees do not seek in this suit to recover any debt, damages or property, of any description. They simply seek

to regulate appellant in the enjoyment of his own property, by prohibiting the doing of certain acts thereon which would interfere with the enjoyment of an alleged public easement on the premises. The right to do the acts complained of depends, of course, upon the existence or non-existence of the easement, and the suit may therefore properly be said to involve the existence of an easement; but as we have already seen, the fee and freehold are conceded to be in appellant. Angell on Highways, sec. 301.

The land upon which the road is located originally belonged to James H. Richards, the ancestor of appellant, and through whom the latter claims. In the circuit court the whole controversy was confined to the single inquiry whether the road in question is a public highway or not. Appellees contended that the said James H. Richards, in his lifetime, while owner in fee of the *locus in quo*, dedicated the same to the public for the purposes of this road, and that the same was accepted by the public, as evidenced by its use and various acts of recognition by the public authorities. This was distinctly denied by appellant, and the whole of the testimony on either side was directed to the issue thus formed. On the evidence adduced, the circuit and Appellate courts have both found this issue in favor of appellees, and we are now asked to reverse their decision. The record shows that upon the hearing in the circuit court quite a number of witnesses were examined on either side, in open court, upon this controverted question of fact, and hence the opportunities of that court for arriving at a just and correct conclusion were far better than ours, and under such circumstances, unless we were able to say that the conclusion thus reached was clearly against the weight of the evidence, we would not be authorized, according to the repeated decisions of this court, to reverse on the ground the finding was not supported by the evidence, although we might be better

satisfied had the finding been the other way.   This we are not able to do.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*