## WILLIAM PARLIN ET AL.

### v.

## HENRY MILLS.

1. JURISDICTION—FRANCHISE.—An action brought to enjoin the unauthorized use of a street by a railroad company and others, is within the appellate jurisdiction of this court; the question of a franchise is not involved.

2. RAILWAY IN STREETS—POWER OF CITY COUNCIL.—Where a railroad track is laid down in a street, by authority of the city council, to connect a private manufacturing establishment with other railroad tracks, it becomes

Parlin v. Mills.

a public highway, and the city council have a right to devote a portion of the street to that use.

3. REMEDY AT LAW.—The remedy of a person sustaining injury by the construction of a railway in the street of a city, under license granted by the city council, is at law, and a court of chancery has no jurisdiction.

APPEAL from the Circuit Court of Fulton county; the Hon. S. P. SHOPE, Judge, presiding. Opinion filed September 26, 1882.

Messrs. BARRERE & GRANT, for appellee; that the hearing of the cause in vacation was illegal, cited Blair v. Reading, 99 Ill. 600.

The injury complained of is common to all property owners along the line of the track, and an injunction will not be allowed: High on Injunction, § 522; G. R. & I. R. R. Co. v. Heisel, 38 Mich. 69.

The fee of the street is in the city, and the common council have authority to permit the laying of tracks therein: G. R. & I. R. R. Co. v. Heisel, 38 Mich. 90; I. B. & W. R. R. Co. v. Hartley, 67 Ill. 439; Moss v. P. Ft. W. & C. R. R. Co. 21 Ill. 516; Murphy v. Chicago, 29 Ill. 279; C. B. & Q. R. R. Co. v. McGinnis, 79 Ill. 269; Quincy v. C. B. & Q. R. R. Co. 92 Ill. 21; C. & N. W. R. R. Co. v. The People, 91 Ill. 251; Elizabethtown R. R. Co. v. Combs, 10 Bush, 382; Carson v. Central R.R. Co. 35 Ill. 325; Porter v. North Missouri R. R. Co. 33 Mo. 128.

The running of steam cars along the track is not a public nuisance: Harris v. Thompson, 9 Barb. 350; Danville R. R. Co. v. Commonwealth, 73, Pa. St. 29.

Mr. HORATIO M. JONES, for appellee; that the question of a franchise is involved, cited Chicago City Ry. Co. v. The People, 73, Ill. 541; C. & W. I. R. R. Co. v. Dunbar, 95 Ill. 571.

Running steam cars in a street is a use of the street, as against an abutting proprietor, that can be justified only by invoking a valid grant from the State: Carter v. Chicago, 57 Ill. 283; Stack v. E. St. Louis, 85 Ill. 377; Kreigh v. Chicago, 86 Ill. 407; Chicago v. Rumsey, 87 Ill. 348; Jacksonville v. Jacksonville R. R. Co. 67 Ill. 540; Truesdale v. Peoria Grape Sugar Co. 101 Ill. 561; Rigney v. Chicago, 102 Ill. 64.

Parlin v. Mills.

McCulloch, J.   Prior to and at the time of the filing of the bill for injunction in this case, appellants, William Parlin, William J. Orendorff and William H. Parlin, were operating a large plow and machine shop, situate about three blocks north and one west of the intersection of the Chicago, Burlington & Quincy, and the Toledo, Peoria & Warsaw railways, in the city of Canton.   Being desirous of availing themselves of the railroad facilities afforded by these two roads, they procured the property owners along the line of Fifth street, including appellee, to unite with them in a petition to the city council of said city to grant unto them and such others as might associate with them, as corporators or otherwise, the right to build and operate a horse and dummy railroad along said street for the purpose of carrying passengers and freight, the petitioners waiving all objection to damages by reason of the building of said railroad, provided the same should be so built as not to obstruct the free use of said street by the public.

In compliance with this petition the city council on the 20th day of May, A. D. 1878, passed an ordinance authorizing and empowering said Parlin and Orendorff to build, construct, maintain and operate a horse railroad with a single track, between Elm street and said Toledo, Peoria & Warsaw railway, upon and along Fifth street, and a switch or side-track across Maple street to the Chicago, Burlington & Quincy railroad and depot, for and during the period of twenty years.   The ordinance provides the manner of laying down the track for the security of public travel, and that the grantees shall keep the same in such order and condition and shall operate the same as may be required by the city council and as may be required by ordinances of said city.

The bill then goes on to allege : That by the permission and authority of said ordinance and none other, the said William Parlin, William J. Orendorff and William H. Parlin constructed the said railroad track of the standard guage.   That the track is within forty-one feet of the door of complainant's dwelling.   That for some time thereafter said parties operated cars on said railroad by horse-power alone; but on or about the

27th day of December, 1878, the said parties, confederating with the Chicago, Burlington & Quincy railroad company, or its agents, to injure complainant in his rights, and to exceed the rights granted by the ordinance, began, and from that time have at divers times run and operated, and permitted to be run and operated, over said track and in front of said premises, cars and trains propelled and drawn by steam locomotives belonging to said Chicago, Burlington & Quincy railroad company, to the great damage and annoyance, and irreparable injury of complainant and his family.

That said William Parlin, William J. Orendorff and William H. Parlin, and the Chicago, Burlington & Quincy railroad company, who are made defendants to this bill, have, since December 27, 1878, at any and all times when they desired or supposed the use of a steam locomotive necessary, run and permitted to be run over and on said track in front of complainant's dwelling, steam locomotives; and that they now threaten and intend to continue to run on said track steam locomotives; and that they will so run and operate steam loco· motives thereon, to the injury and damage of complainant and his family, unless restrained therefrom by order of this court. That the running of steam engines along said track as aforesaid has been a great and severe damage and injury to complainant and his family, both in personal and property rights. That smoke and cinders have at divers times been thrown upon said premises by said engines, and the rest and repose of complainant and family in their home is thereby greatly interrupted and broken. That the noise and vibrations of the engines on said track, and the dust, smoke and cinders thrown on said premises by said engines, and the danger of the recurrence of the same, have rendered the said home almost worthless as a residence, and has now greatly injured the health of complainant and family.

That the further running of steam engines on said track, past said premises, is now threatened and intended by defendants, and will greatly depreciate and damage said property, and threatens to render the same useless to complainant and family and uninhabitable as their residence, and will further

irreparably damage and injure said premises and the health of complainant and family. That the vocation of complainant is that of a minister of the Gospel. That he is of a highly nervous and sensitive disposition, and is so prostrated in his health and faculties as to require the fullest quiet and repose at his home, undisturbed by said noise and interruptions of said engines, to enable him to fulfill his engagements. That the members of his family are much affected with nervous diseases, and in feeble health. One is in a lunatic asylum, another helpless and unable to endure excitement; and all so out of health that a cure is very doubtful and can only be hoped for by being free from all unnatural or great excitement, and allowed full and perfect rest in a quiet home, such as they enjoyed before the doing of the acts aforesaid. That the running of said engines has heretofore, and if still run will endanger said dwelling by fire therefrom; and has and will render the same dangerous and difficult of approach and occupancy; and has and will irreparably damage the same.

That the defendants, nor any other persons or corporation, have any right to build, run or operate any railroad on said street other than that granted in said ordinance; and that the operation thereof, as hereinbefore stated, or the operating thereon of steam engines or cars, is wholly in violation of law and the legal rights of complainant, and should be enjoined by this court.

That the building and operating of said railroad is for the sole purpose of assisting and aiding said Parlin and others in their private business as manufacturers of plows, machinery, etc., and for their private interest and benefit.

It then prays for an injunction to restrain the further operation of said railroad by steam power. The Chicago, Burlington & Quincy Railroad Company is made a party defendant to the bill, and it is admitted upon the record that both it and the Toledo, Peoria & Warsaw Company are duly incorporated under the laws of Illinois, and possess and exercise the powers and privileges necessarily possessed by railroad companies in this State.

The bill was filed August 14, 1879, and an order then made by one of the circuit judges that a writ of injunction issue in

accordance with the prayer of the bill, which writ was duly issued and served on the 29th day of September in the same year.

The cause was then continued from term to term without answer until the August term, 1880. In the meantime, on the 31st day of May, 1880, the city council of said city by ordinance provided, that the owners of the railroad track on Fifth and Maple streets, connecting the Toledo, Peoria & Warsaw Railway and the Chicago, Burlington & Quincy Railroad with Parlin & Orendorff's plow works on Elm street, and their lessees and all persons now or hereafter holding and operating said track or switch on Fifth and Maple streets, are hereby authorized and empowered to use and operate dummies, steam engines and locomotives on said track or switch in moving and hauling cars, whenever the same shall be necessary to transfer cars and freight from said railroads along said track or switch, subject to the same terms and restrictions as are imposed by ordinance on the running of and operating of cars and engines in said city, and provided the owners keep the city harmless from damages in all litigation.

At the August term, 1880, answers were filed by the several defendants, to which answers replications were also filed, and by agreement of the parties the cause was set down for hearing in vacation, the decree to be entered as of that term, but it was not so entered. At the ensuing December term, no order appears to have been made in the case. At the March term, 1881, an attempt was made by the defendants to interpose a supplemental answer setting up a grant, by ordinance passed February 1, 1881, by the city council of said city to the Chicago, Burlington & Quincy Railroad Company and the Wabash, St. Louis & Pacific Railway Company, of the right and privilege to use and operate any and all railroad tracks and switches on Fifth street in said city which lead to and from the track or tracks of either of said companies, or is connected therewith. The motion of defendants to file this supplemental answer was resisted by complainant on the ground that the cause had been fully heard in vacation after

the August term, 1880; that at the ensuing December term
the decision of the court had been announced in favor of com-
plainant, and his counsel had been directed to prepare a de-
cree in accordance with such finding, which not having been
done for want of time, complainant, at said March term, 1881,
moved the court to enter a decree in pursuance of such find-
ing. The court refused the motion of defendants for leave to
file a supplemental answer, and entered a decree in accordance
with the announcement made at the December term, upon a
hearing had on the 10th day of September, 1880, in vacation.
The court thereupon rendered a decree perpetually enjoining
the defendants from running or operating engines or cars by
steam on said track opposite to or in front of the dwelling-
house of complainant. To reverse this decree the cause is
brought to this court by appeal.

Appellee objects to the jurisdiction of this court for the
reason that, as he contends, a franchise is involved in the case.
We are of opinion this point is not well taken. The suit is
merely to enjoin the unauthorized use of the street, and not to
determine any question of title to or rights of property in a
franchise. Richards v. The People, 100 Ill. 423.

In the view we take of the case, it will be unnecessary to
determine the questions of practice in the circuit court which
have been urged upon us.

Whatever we might think of the question, if it were a new
one, we are of the opinion the Supreme Court has determined
that the court of chancery is powerless to grant the relief
sought by this bill. Truesdale v. Grape Sugar Co. 101 Ill.
561; Stetson v. C. & E. R. R. Co. 75 Ill. 74; Patterson v. C.
D. & V. R. R. Co. 75 Ill. 588; P. & R. I. R. R. Co. v. Schertz,
84 Ill. 135; C. & V. R. R. Co. v. The People, etc. 92 Ill. 170.

There is nothing in the ordinance granting the right of way
to lay this track in the street whereby the grantees acquired any
exclusive use thereof. Although called a horse railroad in the
ordinance, it was in no sense a street railway for the carrying
of passengers, as ordinarily meant by that term. It was to be
a track to connect the plow works of Parlin, Orendorff & Co.
with the two railroads therein mentioned, to enable them to
transport freight thereon, and when laid down, the track was of

standard guage and so constructed as to admit the passage over it of ordinary railroad cars and locomotives.    We are unable to see anything in the case to distinguish it from the case of Truesdale v. Grape Sugar Co., *supra*.    In that case we understand the Supreme Court to decide that, where a railroad track is laid down in a street by authority of the city council, to connect a private manufacturing establishment with other railroad tracks running through such street, although such connecting track may be constructed entirely with the means provided by the owners of such manufacturing establishment, it becomes by virtue of Sec. 12, Art. XI, of the Constitution, a "public highway," and, if so, the city council has a right to devote a portion of the street to that use; and further, the fee of the street being in the city, and the grant being one which the city council had a right to make, the remedy of a party sustaining injury thereby is at law, and the court of chancery has no power at the suit of a private individual to control the manner in which such right shall be exercised.

The present case comes within this ruling.    The decree of the circuit court is therefore reversed and the cause remanded, with directions to the court below to dismiss the bill.

Reversed and remanded.