HENRY MILLS

*v.*

WILLIAM PARLIN *et al.*

*Filed at Springfield March 29, 1883.*

1. CHANCERY JURISDICTION—*to enjoin use of street for a railroad switch.* A court of chancery has no jurisdiction to enjoin a railway company from the use of a public street of a city for a switch, under a permit from the city council, when the fee of the street is in such city, on the ground of injury to private property situate on such street. The party complaining, if he has any remedy, must seek it in a court of law.

2. FRANCHISE—*whether involved in suit.* A bill filed to test the authority of a railroad company to use a public street in front of complainant's residence for the use of its railroad track, does not involve the right, title or validity of a franchise, and an appeal in such case is properly taken to the Appellate Court in the first instance.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of Fulton county; the Hon. S. P. SHOPE, Judge, presiding.

Mr. HORATIO M. JONES, for the appellant:

The Appellate Court erred in taking jurisdiction of the appeal, because the case involves a franchise, within the meaning of the act regulating appeals from the circuit courts.

The right to use a public street for the purpose of operating a railroad over the same is a franchise. *Chicago City Ry. Co.* v. *People,* 73 Ill. 541; *Chicago and Western Indiana R. R. Co.* v. *Dunbar,* 95 id. 571; Hurd's Stat. 789, sec. 89.

The city of Canton can not grant railroad charters, nor can it grant franchises, and this court never intended so to intimate in *Truesdale* v. *Grape Sugar Co.* 101 Ill. 561.

The grant of the city in this case was to Parlin, Orendorff & Co. It was a grant of a private railroad, to be operated by horses, for their own exclusive use. The ordinances granting this privilege are invalid, for want of power on the part of the city to pass them. The city holds the soil of its streets in trust for the purpose of streets, and it has no power to repudiate such trust.

The remedy by injunction sought by Mills is the only adequate remedy. If he can not obtain it he is without remedy.

Messrs. BARRERE & GRANT, for the appellees:

There is no claim that appellees are not perfectly solvent, and if appellant has sustained any damage he has ample remedy at law. The switch on Fifth street was placed there under an ordinance of the city, and is so connected with the main track of the Chicago, Burlington and Quincy Railroad Company as to form and become one of the switches of that company. That company is by ordinance authorized to use such track as a switch or side-track, and to operate the same with steam engines.

The injury complained of is common to all the owners of property abutting on Fifth street, therefore appellant can not enjoin the use of steam engines thereon. High on Injunctions, secs. 522, 533, 790; *G. R. and I. R. R. Co.* v. *Heisel,* 38 Mich. 69.

The decision of the Appellate Court holding the fee of the streets to be in the city, and that it has the power to give the

right to lay down a railroad track in one of its streets, and operate steam engines thereon, is in harmony with the laws of the State and the prior decisions of this court. *Truesdale* v. *Grape Sugar Co.* 101 Ill. 561; *Stetson* v. *C. and E. R. R. Co.* 75 id. 74; *Indianapolis, Bloomington and Western R. R. Co.* v. *Hartley,* 67 id. 439; *Patterson* v. *C. and E. R. R. Co.* 75 id. 588; *Moses et al.* v. *Pittsburg, Ft. Wayne and Chicago R. R. Co.* 21 id. 516; *Peoria and Rock Island R. R. Co.* v. *Schertz,* 84 id. 135; *Murphy* v. *Chicago,* 29 id. 278; *C. and V. R. R. Co.* v. *The People,* 92 id. 170; *Chicago R. R. Co.* v. *McGinnis,* 79 id. 269; *Quincy* v. *Chicago, Burlington and Quincy R. R. Co.* 92 id. 21; *Chicago and Northwestern Ry. Co.* v. *The People,* 91 id. 241; *G. R. and I. R. R. Co.* v. *Heisel,* 38 Mich. 69.

Mr. Chief Justice Scott delivered the opinion of the Court:

The bill in this case was brought by Henry Mills, against William Parlin, William J. Orendorff, William H. Parlin, and the Chicago, Burlington and Quincy Railroad Company, and was to enjoin defendants from running or operating steam engines to propel cars over a track laid by defendants in a street of the city of Canton, which switch or track connects with the railroad track of the Chicago, Burlington and Quincy Railroad Company. Complainant alleges his dwelling house is situated on the street in which the track is laid, and that the running of steam engines over such track or switch will be a great damage to his property, and will render it useless to complainant and his family, and uninhabitable as a residence. The fee of the street on which the track or switch complained of is laid, was and is in the city of Canton. Permission was given by ordinance duly enacted by the city council, to defendants to construct the switch and operate cars thereon, either by steam or horse power. Most generally the cars that have been operated on the track in question

have been moved by horse power, but sometimes steam was used as a propelling power. The circuit court granted the relief asked by the bill. On the appeal of defendants that decree was reversed by the Appellate Court, with directions to the court below to dismiss the bill. Complainant brings the case to this court on his appeal.

The fee of the street being in the city, and the grant to construct the switch or track thereon being one the city had the right to make, the decree of the circuit court was very properly reversed, for the reason the remedy, if any, for the injuries complained of, was at law, and not in chancery. It has been so frequently decided by this court that chancery will not entertain jurisdiction in such cases, it is not necessary to discuss it again as a new question. It is sufficient to refer to a few of the previous cases in this court that control the present decision: *Stetson* v. *C. and E. R. R. Co.* 75 Ill. 74; *Patterson* v. *Chicago, Danville and Vincennes R. R. Co.* 75 id. 588; *Peoria and Rock Island R. R. Co.* v. *Schertz,* 84 id. 135; *Truesdale* v. *Grape Sugar Co.* 101 id. 561.

Counsel for complainant objected to the jurisdiction of the Appellate Court to entertain defendants' appeal, for the reason a franchise is involved, and insists on the same objection in this court. The bill was simply to test the authority of defendants to use a public street in front of complainant's residence, for the use of their railroad track. The right or title, or the validity of a franchise, was in no way involved, and the appeal was properly taken to the Appellate Court in the first instance. *Richards* v. *The People,* 100 Ill. 423.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*