### Charles S. Thornton v. The Stevens Coal Company, et al.

#### Gen. No. 11,647.

1. SIDE-TRACK—*when injunction does not lie to restrain construction of.* An abutting property owner cannot obtain an injunction to restrain a railroad company from constructing an elevated side-track from its main line track to the place of business of an industrial establishment regardless of whether the construction of such track is authorized or unauthorized; such remedy lies only at the instance of the proper public official.

Proceeding to enjoin construction of side-track. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed December 15, 1904.

**Statement by the Court.** This is an appeal from a decree sustaining a demurrer to appellant's bill and dismissing the bill for want of equity. The Stevens Coal Co., The Chicago and Western Indiana Railroad Co., and the Belt Railway Co. are made defendants to the bill. Counsel for appellant state the facts averred in the bill substantially correctly, as follows:

" All of Wallace street between Sixty-ninth and Seventieth streets, except the west fourteen feet, is occupied by the tracks of the defendant railroad companies and the retaining wall built to hold in place the materials used in elevating said tracks, so that the west fourteen feet of said

street is all that remains for the use of the public for street and sidewalk purposes.

The north line of appellant's property is 125 feet south of Sixty-ninth street and the space intervening between his property and Sixty-ninth street, consisting of five lots in the same block and subdivision with appellant's property, has been used for several years by John E. Stevens and the Stevens Coal Company for a coal yard.

Appellant has ten lots in a body (numbered 6 to 15, inclusive) just south of this coal yard, lot 6 being the north lot and adjoining the coal yard. On each of lots 6, 7 and 8 there is a building, consisting of four flats; on lot 9 there is a one-story dwelling house, and on lot 10 is a two-story dwelling house. These five lots with the improvements thereon are worth $15,000.

Before the elevation of the railroad tracks there was a switch track across this fourteen-foot roadway north of appellant's property leading from the railroad tracks to this coal yard, but when the tracks were elevated this switch could no longer be used and was abandoned.

The railroad companies so constructed the retaining wall on the west side of their tracks as to furnish near its upper surface a foundation for the supports of a bridge to carry an elevated switch track from the railroad tracks to the coal yard, but instead of putting it where the former switch track was, north of appellant's property, have placed it in front of appellant's property, beginning at a point near the south line of lot 10, so that when completed this bridge and elevated track would run in front of appellant's north five lots over this fourteen-foot roadway.

The space between appellant's buildings and the west line of Wallace street is only fifteen feet, and if this proposed bridge and elevated switch track is permitted to be built over said roadway in front of said lots it will shut out the air and sunlight from his property and cause it to become and remain damp and unwholesome, and the running of trains over said bridge so near appellant's buildings will necessarily subject the tenants of said buildings to great and constant annoyance from the smoke, noise and dust of such trains and said buildings would be constantly exposed to danger from the sparks and cinders of the passing engines and the danger to said buildings from fire would be greatly and unreasonably increased, and the construction and operation of said bridge and elevated track, if permitted, will practically destroy the value of appellant's

property by reason of the deprivation of light and air, rendering said property damp and unwholesome, and the annoyance from dust, dirt, smoke, cinders and noise, and the liability to fire, because said buildings would then be so undesirable for residence as to make it difficult, if not impossible, to rent them at any price, and the selling as well as the rental value will be greatly lessened.

That the construction and operation of said elevated track over said roadway in front of said property will constitute a daily and constantly recurring annoyance and grievance and will constitute a nuisance to appellant and his property and tenants, and will also constitute a public nuisance because it will practically close said Wallace street and exclude the public from the use and enjoyment thereof.

That said railroads already occupy with their tracks and retaining wall all of said Wallace street except the west fourteen feet now used for a roadway and sidewalk, and the proposed bridge and elevated track will destroy what is left of said street and oust the public from the use and enjoyment of its right of way in and upon said street, and the proposed purpresture should be enjoined both as a public and a private nuisance, and appellant presents this bill on behalf of the public as well as for himself, but shows that he will suffer special damage and injury if said proposed action is not restrained, and that such damage is of a different kind from that sustained by the general public.

That appellant and his grantors have uninterruptedly enjoyed the right of light and air from the clear and unobstructed space in front of said property for more than thirty years, and that he and his grantors purchased said property with reference to the recorded plat of said subdivision, showing said Wallace street to be dedicated to the public as an open and public street and thoroughfare, and purchased said property upon the faith of said plat, relying upon such dedication of said street more than thirty years ago, and the public has during all that time freely and uninterruptedly enjoyed the use of said roadway as a public street.

That said former switch track running from said railroad tracks to said coal yard was so located, constructed and used without any authority or license from the city of Chicago, but was so constructed without authority by said Chicago and Western Indiana Railroad Company at the instance of John E. Stevens and the Stevens Coal Company, who are now instigating said railroad company to

Thornton v. Stevens Coal Co.

construct said proposed bridge and elevated track over said roadway in front of appellant's property, and that the city of 'Chicago has given no license to any of said parties to construct such bridge and elevated track, unless it be given by an ordinance adopted October 23, 1899, requiring said railroad company and other railroad companies to elevate their tracks within the city of Chicago, and said ordinance does not by a fair and reasonable construction authorize the construction of said bridge and elevated track over said roadway, and if said ordinance does by its terms purport to give such authority, so much of said ordinance as does so is void.

That appellees claim authority for their proposed action under paragraph 11 of section 1 of said ordinance, which is set out *in hæc verba* in the bill on page 11 of the abstract.

That appellant will suffer great and irreparable damage if said proposed elevated track is permitted to be constructed over said roadway in front of his property; that such damage is of such a character that it cannot well be computed in an action at law, and even if the damage could be computed and awarded at law, said John E. Stevens and the Stevens Coal Company, who are causing the said bridge and elevated track to be constructed over said roadway, and who alone would be benefitted thereby, are insolvent.

That appellees, combining to injure appellant and deprive him of his rights in the premises and to destroy the value of his property and to obstruct said roadway in front of his property, which is all that remains of said Wallace street for the use of the public as a street, and to exclude the public therefrom, disregarding the rights of appellant and of the public, are about to construct such elevated switch track over said roadway and will do so unless restrained by the court."

B. F. RICHOLSON and JOSIAH BURNHAM, for appellant.

BANCROFT & ADAMS, for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

The question to be decided is whether a bill in equity to enjoin the railroad companies from constructing an elevated side track from their main elevated track to the coal yard of the Stevens Coal Company can be maintained.

The main contention of appellant's counsel, and the basis of their entire argument, is that the proposed construction of the side track is for private use. If this contention is untenable, the conclusion at which counsel have arrived, namely, that appellant's remedy is by bill in equity for an injunction, is erroneous.

In People v. Blocki, 203 Ill. 363, the court say : " The main contention of appellant is, that the permits to Pettett and the Indiana Gravel and Sand Company to lay switch tracks in Wallace street and connect said lumber and gravel and sand yards, respectively, with the main track of the Chicago and Western Indiana Railroad Company, in said street, were a diversion of said street from its public to a private use, and that said permits were void. The street, at the time said permits were granted, was under the control of the board of trustees of the town of Lake, and under the power conferred upon that municipality by law, it was authorized to allow the use of said street for any purpose not incompatible with the purpose for which it was established, and to allow a railroad track to be laid therein was not a use incompatible with the purpose for which it was established. In City of Quincy v. Bull, 106 Ill. 337, on page 349, it was said : ' In this State there is vested in municipal corporations a fee simple title to the streets. Under the power of exclusive control over streets, it is very well settled by decisions of this court that the municipal authorities may do anything with, or allow any use of streets, which is not incompatible with the ends for which streets are established, and that it is a legitimate use of a street to allow a railroad track to be laid down in it,' " citing cases. The court further say : " In Truesdale v. Peoria Grape Sugar Co., 101 Ill. 561, Chicago Dock & Canal Co. v. Garrity, 115 id. 155, and McGann v. The People, 194 id. 526, it was held a municipality has authority to grant to private individuals the right to lay switch tracks in its streets, with which to connect manufacturing plants, located upon private property, with the main track of a railroad company in said street, and that when so laid

such switch tracks, in legal contemplation, become a part of the main track with which they are connected, and are public highways." To the same effect are Parlin v. Mills, 11 Ill. App. 396, 403; Mills v. Parlin, 106 Ill. 60; and Coffeen v. C. M. & St. P. Ry. Co., 84 Fed. Rep. 46. We regard the proposition that the proposed side track would be for a private and not a public use, fully settled in this state against appellant's contention. Appellant's counsel contend that the construction of the side track is unauthorized. Paragraph 11 of section 1 of an ordinance of the city of Chicago, requiring the Chicago and Western Indiana R. R. Co. and other railroads to elevate their tracks within the city, quoted in appellant's bill, clearly grants permission to construct the side track in question. The first part of the paragraph is as follows: "Permission and authority are hereby granted to any of said railroad companies to elevate their railroad bed and tracks, as aforesaid; to construct branch, spur or side tracks from any point along the line to be elevated, pursuant to the provisions of this ordinance, to reach any industrial or commercial establishments, which are connected with said line so to be elevated, and to cross, with such branch, spur or side track, any street, or portion of a street, not more than thirty-three (33) feet wide, or any alley, or other public way, of width not greater than thirty-three (33) feet, which may intervene between said main lines and said establishment, in such manner as shall be approved by the commissioner of public works." The remainder of the paragraph relates merely to the manner of construction, and the restoration of the street, alley or public way to its former condition, in case its depression becomes necessary. Appellant's counsel say of the paragraph quoted: "Upon its face, it authorizes such connections *where* switch tracks were in operation before the elevation of the tracks, under license from the city; but this proposed structure is not where the former switch track was made and operated, without authority." This is a misinterpretation of the paragraph. The only limitation is that at the time of the passage of

the ordinance there must have been a side track connecting the coal yard with the main line of the railroad company. The language is, "To reach any industrial or commercial establishments which *are* connected with said line so to be elevated, by *existing* branch, spur or side tracks, on any land adjoining to said lines," etc. But even though the city had not granted permission to construct the side track, its construction cannot be enjoined at the suit of a private person. In such case the question as to want of authority is between the public and the railroad company, and the remedy is by information by the attorney general, or state's attorney, or by bill for injunction by the city. Doane v. Lake St. El. R. R. Co., 165 Ill. 510, 521. Appellant's counsel do not claim that there is any distinction, in principle, as to his rights in the premises, between the construction of a side track connecting the premises with a surface railroad, and one connecting the premises with an elevated railroad, nor is there any such distinction. See the Doane case, *supra*.

We find no error in the record, and the decree will be affirmed.

*Affirmed.*