(No. 12087.—Reversed and remanded.)

THE CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Appellant, *vs.* ANNIE G. SWARTZ *et al.* Appellees.

*Opinion filed June 20, 1918.*

1. TAXES—*the power to value property for taxation rests exclusively in officers designated by statute.* Under the constitution the power of valuing property for taxation rests exclusively with the officers designated by statutes enacted for the taxation of property, and an attempted assessment by any other authority is void.

2. SAME—*a corporate franchise, as part of capital stock, can be assessed only by State Board of Equalization.* Under the fourth clause of section 3 of the Revenue act the franchise of a corporation, excepting certain companies named, cannot be assessed for taxation by the local assessor, but the fair cash value of the capital stock, including the franchise and subtracting the tangible property as assessed by the local assessor, is to be assessed only by the State Board of Equalization.

3. SAME—*tax-payer is not required to pay tax unless extended.* Until a tax has been extended no obligation rests upon the tax-payer to pay it, and a court of equity may enjoin an attempt to collect the same.

4. CORPORATIONS—*what is included in the capital stock of a corporation.* The capital stock of a corporation embraces all the property belonging to the corporation, including all rights, corporate franchises, contract privileges, good will, and everything of value, tangible or intangible, not in separate parcels but as a homogeneous unit, and the term is not limited to the shares of stock owned by the shareholders.

5. SAME—*right of corporation to use city streets is not a franchise.* The State, alone, may grant a franchise to a corporation, and where a city grants a public service corporation the privilege of using its streets, such permission does not amount to a franchise but is only a right to exercise the corporate franchise on the property of the city, and the local assessor has no power to assess such right for taxation.

6. APPEALS AND ERRORS—*certificate of evidence not necessary to preserve master's report for review.* Where a cause is referred to a master in chancery to report conclusions of law and fact all the evidence must be introduced before him, and upon the hearing of exceptions or the hearing of the cause no other evidence will be heard, and on appeal the report of the master is a part of the record without any certificate of evidence.

APPEAL from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding.

LYBARGER & HILLYER, FLACK, FLACK & KERMAN, and VAUSE, HUGHES & KIGER, for appellant.

EDWARD J. BRUNDAGE, Attorney General, and ANDREW L. HAINLINE, State's Attorney, (ALBERT D. RODENBERG, and JOHN C. LAWYER, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court: ·

The circuit court of McDonough county,.after a hearing on the pleadings and the report of a master, dismissed for want of equity a bill filed by the Central Illinois Public Service Company against the collector of the town of Bushnell and the collector of the county of McDonough to enjoin the collection of a tax of $656.20, and the complainant appealed.

The complainant is an Illinois corporation organized to construct, own, purchase, acquire and lease street railroads and to operate such railroads with animal, cable, electric or other power, except steam locomotives; to construct, own, purchase, acquire, lease and operate machinery and plants for the purpose of manufacturing and generating gas and electricity and for the purpose of manufacturing ice; to construct, own, purchase, acquire, lease and operate water-power plants and water-distributing systems; to engage in the business of storing, transmitting, distributing and selling heat and power, both natural and artificial, and in the business of selling ice and in the business of refrigeration and cold storage; and to own and enjoy all real and personal property necessary or proper for the prosecution of the business aforesaid. Its principal office is in Mattoon, in Coles county, and it has constructed and is operating a system for the purpose of transmitting and distributing electric light, heat and power which extends over various counties and into various cities and villages in this State.

In February, 1916, an ordinance of the city of Bushnell granted to the complainant the right to construct and maintain in the streets of that city, poles and wires for the purpose of furnishing electric light, heat and power, and the complainant is maintaining and operating such poles and wires in the city of Bushnell and furnishing light, heat and power to the city and its ·inhabitants. In May, 1916, the personal property of the appellant in the town of Bushnell, which includes the city of Bushnell within its limits, was assessed by the assessor of the town of Bushnell at the sum of $2017, upon which taxes were afterward extended, which were paid by the complainant to the town collector in June, 1916. The town assessor prepared an additional schedule, in which he assessed against the complainant, without its knowledge, a franchise at the sum of $10,000, upon which the tax of $656.20 in controversy in this suit was afterward extended. The assessor testified that this assessment was upon the complainant's franchise, got through an ordinance of the city of Bushnell, to operate a plant in the city.

.The General Assembly, in conformity with the constitution, has enacted statutes declaring what property shall be taxed, the manner in which it shall be assessed and the officers who shall make the assessment. The power of valuing property for taxation rests exclusively with such officers and an attempted assessment by any other authority is void. (*Chicago and Alton Railroad Co.* v. *People,* 98 Ill. 350; *Anderson* v. *Chicago, Burlington and Quincy Railroad Co.* 117 id. 26; *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 206 id. 252.) The fourth clause of section 3, as well as section 108 of the Revenue act, requires the capital stock of all companies and associations created under the laws of this State, except those organized for purely manufacturing and mercantile purposes or for either of such purposes, or for the mining and selling of coal, or for printing, or for the publishing of newspapers, or. for the improving and breeding of stock, to be so valued by the State Board

of Equalization as to ascertain and determine, respectively, the fair cash value of such capital stock, including the franchise, over and above the assessed value of the tangible property of such company or association. The appellant is not one of the excepted corporations. It was therefore required to list its tangible personal property to be assessed by the local assessor, but the fair cash value of its capital stock, including its franchise, over and above the assessed value of its tangible property, was to be ascertained and determined by the State Board of Equalization and no other body or officer. The capital stock of a corporation embraces all the property belonging to the corporation, and includes all its rights, corporate franchises, contract privileges, good will, and everything of value that appertains or belongs to the corporation, of any character or description, whether tangible or intangible, corporeal or incorporeal. (*Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561; *Pacific Hotel Co.* v. *Lieb,* 83 id. 602.) The corporation is the legal owner of all its property. The shareholder has a legal right to participate in the earnings of the corporation and the distribution of its property upon its dissolution, but he does not own any part of the property of the corporation. The term "capital stock" of the corporation does not designate the shares of stock owned by the shareholder, either separately or in the aggregate, or the identical lands, chattels or other articles of property owned by the corporation, but it does designate the aggregate property of the corporation,—not in separate parcels but as an homogeneous unit. (*Quincy Bridge Co.* v. *Adams County,* 88 Ill. 615.) Since the tangible property must be taken into consideration as a part of this capital stock and is required to be assessed by the local assessors, the legislature provided that the State Board of Equalization, in the assessment of the capital stock, should deduct the assessed value of the tangible property, so that it should not be twice included in the total assessment.

It is argued for the appellees that the appellant, in addition to its franchise to be a corporation, has a special franchise to use the streets of the city of Bushnell under the ordinance granting it this right, and that this special franchise was properly assessed by the assessor. A city can not grant a franchise but only a State. (*Chicago City Railway Co.* v. *People,* 73 Ill. 541; *People* v. *Union Gas Co.* 254 id. 395.) The appellant has no franchise but that granted by the State, though it can exercise this franchise within the city only by virtue of the permission evidenced by the ordinance, just as the permission of any private owner is necessary to the exercise of the franchise on his property. This permission or license exists independently of the poles, wires, apparatus, machinery or other means whereby it may be available. It attaches not to the tangible property of the corporation but to the franchise, and would remain and be available to the corporation if all its tangible property were destroyed.

It seems scarcely necessary to argue that this privilege is intangible, but the appellees insist that the "phrase 'tangible property,' as used by the legislature in clause 4, section 3, of the Revenue act, includes intangible property." It is argued that section 27 of the Revenue act authorizes a corporation to deduct its debts from its credits, and that this shows that intangible credits are regarded as part of the tangible property to be valued by the assessor. Section 27 must be read in connection with section 3, which requires the assessment by the State Board of Equalization of the capital stock of certain corporations over and above the value of their tangible property, and when so read it means, not that tangible property includes intangible property, but that, so far as that class of corporations is concerned, only their tangible property may be assessed by the assessor, and all other property, of every character, is to be included in the assessment by the State Board of Equalization of the excess in value of the capital stock of the

corporation above its tangible property. The Revenue act provides for the assessment of all the property of all corporations either by the assessor or by the State Board of Equalization, and the proviso in clause 4 of section 3 that in all cases where the tangible property or capital stock of a corporation is assessed under the act the shares of capital stock of such corporation shall not be assessed or taxed in this State, means only that where the property of a corporation has been assessed as a whole to the corporation, the shareholders shall not be assessed upon their respective interests in the corporation.

The appellees insist that a city tax of the city of Bushnell was extended against the appellant on the first assessment made by the assessor which has not been paid or tendered, and that a court of equity will not restrain the collection of the tax upon the additional assessment until this city tax is paid. The collector's receipt shows the collection of the taxes extended against the appellant for the year 1916, and the collector testified, without objection, that all other taxes except those here in dispute were paid and that there was no other tax against appellant. The county clerk testified, without objection, that no city tax was extended upon the first assessment, and that all the taxes extended had been paid according to the record. The collector's book was not in evidence, but Mrs. Swartz, the collector, testified about it, without objection, that under the column "Corporate tax" the figures $46.35 had been erased and that she just collected what was in the book. Until the tax has been extended no obligation rests upon the tax-payer to pay it.

The record contains no certificate of evidence, and appellees insist that the decree, which denied the relief prayed for, cannot be reversed unless it appears that the evidence was such as to entitle the appellant to relief, and to do this the whole evidence must be preserved or it will be presumed that there was evidence which justified the decree. The

decree shows that the hearing was upon the pleadings and the report by the master of the evidence and of his findings of fact and conclusions of law and the exceptions of the appellees. Therefore no certificate of evidence was necessary. When a cause is referred to a master in chancery to report conclusions of law and fact all the evidence must be introduced before him, and upon the hearing of exceptions to his report or the hearing of the cause no other evidence will be heard. The report of the master is a part of the record without any certificate of evidence.

The decree will be reversed and the cause will be remanded, with directions to enter a decree perpetually enjoining the collection of the tax.

*Reversed and remanded, with directions.*