(No. 12481.—Cause transferred.)

THE CITY OF SULLIVAN, Appellee, vs. THE CENTRAL ILLI-
NOIS PUBLIC SERVICE COMPANY, Appellant.

*Opinion filed February 20, 1919.*

1. APPEALS AND ERRORS—*record must show question authoriz-
ing direct appeal to Supreme Court.* To enable the Supreme Court
to take jurisdiction by a direct appeal from the circuit court, it
must appear from the record, and not merely from the statements
and argument of counsel, that some question is involved which
authorizes the appeal.

2. SAME—*when freehold is not involved in right to use streets
of city—estoppel.* Unless an ordinance vests the right to use the
streets of a city in perpetuity no freehold is involved authorizing
a direct appeal to the Supreme Court; and the same is true where
the right to use the streets is claimed through the doctrine of estop-
pel. (*City of Chicago* v. *Rothschild & Co.* 212 Ill. 590, followed.)

3. MUNICIPAL CORPORATIONS—*grant to corporation to use the
streets without time limit is not perpetual.* Where a municipal cor-
poration grants a utility the right to use the public streets without
a time limit as to the duration of the right, such grant is not per-
petual but is necessarily limited both to the life of the corporation
granting it and to the life of the corporation obtaining the right.

4. SAME—*municipality possesses no power to confer franchise.*
The power to confer a franchise rests only with the State, and
when a municipality grants to a corporation the right to use the
streets of the city the right is not a franchise but a license.

APPEAL from the Circuit Court of Moultrie county; the
Hon. FRANKLIN H. BOGGS, Judge, presiding.

VAUSE, HUGHES & KIGER, for appellant.

J. K. MARTIN, City Attorney, and E. J. MILLER, for
appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an amended bill filed by appellee, the city of
Sullivan, in the circuit court of Moultrie county, asking
for a mandatory injunction to compel appellant company
to vacate the city's streets and alleys and require it to cease
using its poles, wires, transformers and other property in

said city. After the pleadings were settled the case was referred to a master to take the proof. He reported in favor of allowing the prayer of the bill. The chancellor approved the finding of the master and entered a decree in accordance with the prayer of the amended bill, requiring the company to vacate the streets and alleys of the city as prayed. From that decree an appeal was taken to the Appellate Court, and on motion of appellee was transferred to this court on the ground that a freehold or franchise is involved. A motion has been made in this court by appellant to transfer the case to the Appellate Court because the question of a freehold or franchise is not involved, and that motion was taken with the case and must be first considered and decided.

In order to reach a correct conclusion on the question of jurisdiction it is necessary to refer briefly to the issues involved herein.

In 1891 an ordinance was passed by said city granting to John H. Baker for twenty years the right to furnish electricity to consumers in that city. In 1913 the appellant company acquired the property from Baker and thereafter furnished electricity to the citizens. Before the expiration of the twenty-year period allowed in said ordinance Baker apparently attempted to obtain from the city a further period of time in which to carry on his business in said city but failed of obtaining such permission from the city authorities. After the purchase of the property by the appellant it appears that representatives of the company attempted at different times to obtain ordinances from the city granting further time in which to conduct its business in the city, these negotiations having been continued up to the commencement of these proceedings, but no such ordinance was ever passed. It appears that much of the time since its purchase of this property in 1913 appellant has furnished electricity to the city as one of its customers, for which at the time of the trial the city owed appellant the

conceded amount of $691.73.   It also further appears that
at the request and command of the city authorities appel-
lant has removed its poles and wires from the public square
and placed them in alleys at an expense of some $2000.   It
also appears that at the time appellant purchased the prop-
erty it was in a somewhat run-down condition, and that
shortly after acquiring the property, and during the negoti-
·ations with the city for the extension of the right to con-
duct business, appellant made improvements at an expense
of approximately $12,000 in re-setting and repairing its
poles, wires and other property connected with its business,
and other amounts subsequently, so that the total expended
was over $22,000, and that these improvements have ap-
parently been made, if not with the sanction at least with
the acquiescence of the city authorities.   It is alleged in
appellant's answer that it will suffer great financial loss if
not permitted to carry on its business in said city; that it
would be inequitable and unjust to make it cease business,
and that the city is estopped by its previous sanction and
acquiescence in the improvements made by appellant in the
conduct of its business from compelling appellant to remove
its poles and wires and vacate the streets and alleys of the
city as prayed for in the amended bill.

Counsel for appellee state in their briefs that both a
franchise and a freehold are involved in this proceeding but
do not argue or cite any authorities as to a franchise be-
ing involved.   They do not argue that the title to the streets
is put in issue by the pleadings herein, but that it is claimed
by appellant, in effect, that the facts set up in the answer
operate as an estoppel against the city of Sullivan ousting
appellant from the streets and alleys, and that appellant,
in effect, thereby claims a right to maintain its poles and
wires in the streets and alleys which may be in perpetuity,
and that therefore a freehold is involved.   Counsel for ap-
pellant deny that their pleadings, in effect, claim that appel-
lant has an easement in perpetuity in said streets and alleys,

and we are disposed to agree with them on that question. It has been held that in order to authorize this court to take jurisdiction by a direct appeal from the circuit court, it must appear from the record, and not merely from the statement of counsel and argument, that some question is involved which authorized the appeal. *People* v. *Cannon,* 236 Ill. 179.

It is further argued by counsel for appellee that even though the claim of appellant in its answer as to the city being estopped, if sustained, does not give the company an easement in perpetuity, yet if appellant's claim be sustained it certainly would have an easement for an indefinite time, and that therefore a freehold is involved. In *People* v. *Union Gas Co.* 254 Ill. 395, where the question of estoppel against a city was involved and it was held that the city was estopped from ousting the gas company from the city streets by an information in *quo warranto,* the court stated that this holding as to the city being estopped would not (p. 418) "have the effect, as stated by counsel for the city, of giving appellant an exclusive or irrevocable right or privilege to use the streets, but in the conduct and management of its business it will still be subject to the constitution and laws and the control of the city council acting thereunder." Appellant was incorporated under the act concerning corporations, approved July 1, 1872, and therefore by section 2 of that act the duration of its legal existence in this State was limited to ninety-nine years. (Hurd's Stat. 1917, p. 699.) It has been held by this court that where a municipal corporation grants a utility the right to use the public streets without a time limit as to the duration of the right, such grant is not perpetual and is necessarily limited to the life of the corporation granting it; (*People* v. *Chicago Telephone Co.* 220 Ill. 238; *Venner* v. *Chicago City Railway Co.* 236 id. 349;) and it necessarily follows, under similar reasoning, that the right is limited to the life of the corporation obtaining such right. It is

expressly held in *City of Chicago* v. *Rothschild & Co.* 212 Ill. 590, that unless an ordinance vests the right to use the streets in perpetuity no freehold is involved, within the meaning of the statute, as to the right of an appeal direct to this court. The ordinance in that case limited the right of the corporation in the use of the streets to fifty years. Under the reasoning and authorities cited in that case the conclusion follows, on the facts presented in this record, that a freehold is not involved under the pleadings in this case.

Counsel for appellee cite and rely on three decisions of this court which, they argue, support the conclusion that a freehold is involved here, viz., *Bucklen* v. *City of Chicago,* 166 Ill. 451, *Carpenter* v. *Capital Electric Co.* 178 id. 29, and *Burrall* v. *American Telephone Co.* 224 id. 266. The last two of those cases were brought by direct appeal and possibly involved questions somewhat similar to those here under consideration. This court in both of those cases, without any discussion or consideration of the question of jurisdiction in the opinion, seems to have assumed that it had jurisdiction on direct appeal. We do not deem it necessary to consider or discuss either of those decisions at length or attempt to distinguish either of them, as to the facts and legal issues, from this case, as we do not consider either of those decisions controlling on this question, nothing having been said as to jurisdiction in the opinions. In *Bucklen* v. *City of Chicago, supra,* it was stated that the right in question was in the nature of a perpetual easement and that therefore a freehold was involved. On the facts as set out in that case we think, without question, the right there in question did involve a perpetual easement.

While no authorities have been cited as to a franchise being involved, as that question is suggested we will refer briefly to some authorities on it. Here, again, the reasoning and conclusion in *City of Chicago* v. *Rothschild & Co. supra,* are controlling. It was there said, and this court

has repeatedly held, that a franchise is a privilege which emanates from the sovereign power,—that is, in a case like this, from the State,—and that the power conferred upon a company to locate and maintain a railroad in the streets of the city is a license and not a franchise; that a municipality possesses no power to confer a franchise. Such power rests alone with the State. In *Richards* v. *People,* 100 Ill. 423, where a bill to enjoin a company from obstructing a highway was involved, it was said (p. 425) : "The object of this suit is not to recover a freehold or a franchise, nor are we of opinion that either is involved in it within the meaning of our statute regulating the jurisdiction of this court. The object of the suit is to restrain appellant from obstructing a certain road which appellees claim to be a public highway but which appellant denies. The controversy is as to whether the *locus in quo* is subject to the public easement. Appellees practically admit that the soil and freehold are in appellant, hence it cannot be said with any degree of propriety that a freehold is involved, and as no special privilege or grant is claimed by either of the parties or is in any sense involved in the controversy, we are unable to perceive upon what theory it is claimed that a franchise is involved."

*Mills* v. *Parlin,* 106 Ill. 60, was a proceeding to enjoin the use of a street for a railroad switch, and it was there said (p. 63) : "The bill was simply to test the authority of defendants to use a public street in front of complainant's residence for the use of their railroad track. The right or title or the validity of a franchise was in no way involved, and the appeal was properly taken to the Appellate Court in the first instance."

In *People* v. *Union Gas Co. supra,* the court discussed at some length this question of franchise and said (p. 403) : "The authorities on the question are not harmonious, and much confusion has arisen from not distinguishing clearly between the franchise of a corporation, which can only

be granted by the State, and the permission, by ordinance, of a municipality for the exercise of the corporate franchise within the municipality. The latter is not a franchise although it is often so referred to. It is a license. (*Chicago City Railway Co.* v. *People,* 73 Ill. 541.) The franchise of a gas or electric lighting corporation exists independent of the action of the city, but under the law can only be exercised by virtue of the license or permission of the city. A very clear definition of a franchise was given by Mr. Justice Mulkey in *Fietsam* v. *Hay,* 122 Ill. 293, in these words: 'Now, a franchise is nothing more than the right or privilege of being a corporation, and of doing such things, and such things only, as are authorized by the corporation's charter.' * * * Appellant does not claim it succeeded to the franchise of the two older corporations but that it did succeed to their street licenses and privileges, and that both the Bloomington Gas Light and Coke Company and the Citizens' Gas Light and Heating Company are still existing corporations and owners of the respective franchises granted them by the State."

This court has recently considered this question with reference to the franchise of the appellant company in *Central Illinois Public Service Co.* v. *Swartz,* 284 Ill. 108, and said (p. 112): "It is argued for appellee that appellant, in addition to its franchise to be a corporation, has a special franchise to use the streets of the city of Bushnell under the ordinance granting it this right, and that this special franchise was properly assessed by the assessor. A city cannot grant a franchise but only a State. [Citing authorities.] The appellant has no franchise but that granted by the State, though it can exercise this franchise within the city only by virtue of the permission evidenced by the ordinance." In this case the record shows that on the hearing in the trial court the witnesses frequently termed the right to use the streets of the city a franchise, when, as a matter of fact, it can only be held to be a license.

It is not claimed by appellant in its briefs that it has acquired a right to use the public streets of Sullivan for ninety-nine years or any other specified or fixed time, but, as we understand counsel's argument, they contend that the appellee city cannot legally oust appellant from the streets at the present time. They do not argue that the company has such a right forever, and, of course, it cannot have any such right longer than the life of the corporation.

Under the authorities we think the conclusion follows that neither a franchise nor a freehold is involved in this proceeding. Therefore, this court being without jurisdiction, the cause will be transferred to the Appellate Court for the Third District, and the clerk of this court will transmit to the clerk of the Appellate Court all the files in this case, together with the order transferring the case.

*Cause transferred.*