(No. 13224.—Reversed and remanded.)

THE CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Plaintiff in Error, vs. THE CITY OF SULLIVAN, Defendant in Error.

*Opinion filed June 16, 1920—Rehearing denied October 7, 1920.*

1. APPEALS AND ERRORS—*appellate jurisdiction of the Supreme Court is limited to review of the judgment appealed from.* The appellate jurisdiction of the Supreme Court is limited to a review of the judgment, order or decree of the court from which the appeal is taken or to which a writ of error is prosecuted.

2. SAME—*when cause must be remanded to Appellate Court for consideration on the merits.* Where the Appellate Court does not pass upon the merits of the cause raised by the assignment of errors. but affirms the decree upon other grounds, if the judgment of the Appellate Court in so affirming the decree is erroneous the Supreme Court cannot consider the errors assigned upon the merits but must remand the cause to the Appellate Court for such consideration.

3. SAME—*when certificate of evidence is not necessary.* A certificate of evidence is not necessary to preserve the evidence taken before the master where the hearing in open court is upon the pleadings, the master's report of the evidence and of his findings of fact and conclusions of law and upon the exceptions thereto, as the master's report is a part of the record without any certificate of evidence.

4. SAME—*certificate of chancellor or of master is not necessary to show that the record contains all the evidence.* The record must show that it contains all the evidence heard, but it is not essential in a chancery case heard upon the master's report that such fact should appear from the certificate of the chancellor or of the master if it is made manifest in any other way.

5. PRACTICE—*no evidence should be heard in open court after reference to the master.* Where a cause is referred to a master in chancery to take and report the evidence and to report his conclusions of law and fact all the evidence must be introduced before him, and upon the hearing of exceptions to his report in open court no other evidence should be heard.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Moultrie county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

JAMES VAUSE, JR., and CARL D. KIGER, for plaintiff in error.

HOMER W. WRIGHT, City Attorney, C. R. PATTERSON, and E. J. MILLER, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This cause was before us on jurisdictional grounds at a former term and will be found reported under the same title in 287 Ill. 19, to which reference is made for a more complete statement of the case. For want of jurisdiction in this court the cause was transferred to the Appellate Court for the Third District. There the city of Sullivan moved to strike from the record pages 106 to 688½, inclusive, being the transcript of testimony heard before the master, and pages 690 to 696, inclusive, being the transcript of testimony heard in open court, for the reason that the record did not show a sufficient certificate of the master or chancellor that the record contained all the evidence heard. This motion was sustained and the pages stricken. The Appellate Court held that there was no evidence preserved in the record and affirmed the decree of the circuit court of Moultrie county on the ground that the findings of fact in the decree were sufficient to sustain it. The cause is brought here by writ of *certiorari* to review the judgment of the Appellate Court.

Counsel for both parties have submitted briefs on the assignment of errors going to the merits of the cause as well as to the proceedings had in the Appellate Court. It has frequently been held that the jurisdiction of this court is limited to a review of the judgment, order or decree of the court from which the appeal is taken or to which a writ of error is prosecuted. The only matter before this court for review in this proceeding is the judgment of the Appellate Court. It appears from the opinion of that court that

it did not pass upon the merits of the cause raised by the assignment of errors in that court but affirmed the decree of the circuit court for causes other than upon a review of the merits of the cause, so, if we are of the opinion that the judgment of the Appellate Court is erroneous, the only thing we can do is to reverse the judgment and remand the cause to the Appellate Court for consideration on the merits. (*Troy Laundry Machinery Co.* v. *Kelling,* 157 Ill. 495; *Hughes* v. *Bell,* 157 id. 655; *Berry* v. *Turner,* 279 id. 338; *Stanton* v. *Chicago City Railway Co.* 283 id. 256.) We are therefore not permitted to review the errors assigned which go to the merits of the cause, although the errors assigned are broad enough to require us to do so if the merits had been passed upon by the Appellate Court.

The pages of the record numbered 106 to 688, inclusive, contain the evidence taken before the master in chancery, and the page numbered 688½ is a certificate signed by Nettie Bristow, certifying "that the above and foregoing is a true and correct copy of all the evidence offered by the respective parties." The master's findings and conclusions appear on pages numbered 50 to 58, inclusive. The master reported that pursuant to the order of the court referring the cause to him to take proof and testimony of the respective parties and report it to the court together with his conclusions on the law and facts, he caused to come before him all the witnesses the respective parties desired or made known to him and that he took the proof and the testimony of the respective parties; that he reduced the testimony to writing and attached the same to his findings and conclusions, together with a copy of the documentary evidence, and that he made the same a part of his report; and further, that he employed a stenographer to assist him in taking and reporting the evidence. This report was signed by the master and filed with the circuit clerk. Between the end of the master's findings and conclusions and the beginning of the transcript of evidence taken before the master,

the circuit clerk, in fastening together the transcript of the record in this cause, inserted a number of pages of other matters of record. This error of the clerk made it appear that the transcript of the evidence was not a part of the master's report, and there appeared to be nothing to identify it with the report of the master. The report, however, which is signed by the master, at the end of his conclusions states that he heard "all" the witnesses offered by the parties in this litigation, and that the transcript of evidence "attached" to his findings and conclusions and made a part of his report is the testimony of such witnesses. On page 88 of the record appears the order of reference to the master, directing "said master to take the evidence and report his conclusions of law and fact to the court." The decree entered by the circuit court recites, among other things, that the cause was referred to the master "to take and report all of the evidence of the respective parties, together with conclusions of law and fact thereon;" that the master "filed in this court his report of all the evidence, together with a transcript of the evidence on the original bill and the cross-bill herein, together with his conclusions of law and fact thereon;" that the court read over all the evidence taken in the cause and reported by the master, and that the cause is "to be heard upon the report of the master in chancery in this cause on the original and cross-bills, together with the evidence reported by the master." These recitals in the decree support the master's report that he heard and reported the testimony of all the witnesses offered.

While the condition of the record as it was submitted to the Appellate Court was somewhat confusing, yet we think it clearly appears from an examination of the whole record that the master's report contains all of the evidence heard by him and that his signed report so shows. Where the hearing is upon the pleadings and the report by the master of the evidence and of his findings of fact and conclusions of law and the exceptions to the same no certificate

of evidence is necessary. When a cause is referred to a master in chancery to report conclusions of law and fact all the evidence must be introduced before him, and upon the hearing of exceptions to his report on the hearing of the cause no other evidence will be heard. The report of the master is a part of the record without any certificate of evidence. (*Central Illinois Public Service Co.* v. *Swartz,* 284 Ill. 108.) It is essential that the record shall show that it contains all the evidence heard, but it is not essential that it should appear from the certificate of the chancellor nor from a certificate of the master. If the fact is made manifest in any other way it is all that is required. *Stickney* v. *Cassell,* 1 Gilm. 418; *People* v. *Henckler,* 137 Ill. 580; *Hutchinson* v. *Bambas,* 249 id. 624; *People* v. *Scanlan,* 265 id. 609.

Pages 690 to 696, inclusive, purport to set out the testimony of witnesses heard by the chancellor in open court. Where a cause is referred to a master in chancery to take and report the evidence and to report conclusions of law and fact no evidence should be heard in open court. There was no certificate of evidence preserving this testimony and these pages were properly stricken by the Appellate Court, but inasmuch as the evidence was improperly taken it will not be presumed that the decree in this case is sustained and supported by this evidence.

The Appellate Court erred in striking pages 106 to 688½, inclusive, from the record and in refusing to consider the cause on its merits. For this reason the judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions to consider and determine the cause on its merits.

*Reversed and remanded, with directions.*