THE CHICAGO AND MILWAUKEE ELECTRIC RAILWAY CO.

*v.*

ANTON J. VOLLMAN *et al.*

*Opinion filed February 21, 1905.*

1. EQUITY—*when equity has jurisdiction to enjoin collection of tax.* A court of equity has jurisdiction to entertain a bill to enjoin the collection of a tax alleged to have been extended upon an assessment made by a body having no authority, in law, to make it.

2. TAXES—*Cook county board of assessors may assess property omitted by assessor.* The board of assessors in Cook county have power to assess property notwithstanding the township assessor has omitted the same from the list returned by him to the board. (*Burton Stock Car Co.* v. *Traeger,* 187 Ill. 9, and *Grant Land Ass.* v. *People, ante,* p. 256, adhered to.)

APPEAL from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

This is a bill in chancery filed by the appellant, against the appellees, in the circuit court of Cook county, to enjoin the collection of a tax extended upon an assessment made by the board of assessors of Cook county upon its personal property situated in the township of New Trier, in said county, for the year 1902. The court sustained a demurrer

to the bill and dismissed it for want of equity, and an appeal has been prosecuted to this court.

The bill alleges that the Chicago and Milwaukee Electric Railway Company, the appellant, is incorporated under the general laws of this State for the purpose of operating and maintaining an electric railway; that on the first day of April, 1902, it was operating an electric road from the city of Evanston, in Cook county, to the city of Waukegan, in Lake county; that the part of Cook county in which its road is located is wholly within the township of New Trier; that the township of New Trier does not lie wholly within the limits of any one city, and that the personal property of the appellant assessed by the board of assessors was all in that township; that John Shaeffer was the duly elected assessor in said township of New Trier for the year 1902; that he knew the place of the location of the principal office of the appellant and where its officers could be found, but neglected to present to it or them any schedule upon which to list its personal property in said township, and did not request it or any of its officers to make, sign and swear to a schedule of its personal property in said township, and that no schedule was made of its personal property in said township by the appellant for the year 1902; that said assessor on June 23, 1902, returned his lists and assessments of personal property in said township to the board of assessors of said county, and that the name of the appellant did not appear upon said lists or assessments; that between June 23 and July 10, 1902, the board of assessors of Cook county assessed the personal property of the appellant in the township of New Trier at $250,000; that a tax of $4902.87 has been extended thereon; that the assessment of appellant's personal property situated in said township of New Trier should have been assessed for the year 1902 by said township assessor and not by the said board of assessors, and that said assessment, by reason of that fact, was void and no valid tax could be extended thereon, and that the appellees, Anton J. Vollman, the township

collector of the township of New Trier, and John Hanberg, county collector of the county of Cook, are threatening to collect said tax by a levy upon the property of appellant situated in said Cook county.

Fayette S. Munro, (M. F. Gallagher, of counsel,) for appellant.

James H. Wilkerson, County Attorney, William F. Struckmann, and Frank L. Shepard, for appellees.

Mr. Justice Hand delivered the opinion of the court:

Two questions are discussed in the briefs filed herein: (1) Has a court of equity jurisdiction to enjoin the collection of the tax sought to be enjoined by the bill filed herein; and (2) had the board of assessors of Cook county power to assess the personal property of the appellant situated in the township of New Trier for the year 1902, upon which the tax sought to be enjoined was extended.

The bill was filed by appellant upon the theory the tax sought to be enjoined was extended upon an assessment made by a body that had no authority, in law, to make the assessment, and that the assessment, for want of jurisdiction in the assessing body to make the same, was absolutely void. If the theory of the appellant in that regard was correct, then a court of equity might lawfully enjoin the collection of the tax extended on said assessment. *Kimball* v. *Merchants' Savings, Loan and Trust Co.* 89 Ill. 611; *Allwood* v. *Cowen,* 111 id. 481; *Peoria, Decatur and Evansville Railway Co.* v. *Goar,* 118 id. 134; *Huling* v. *Ehrich,* 183 id. 315; *Condit* v. *Widmayer,* 196 id. 623; *Cox* v. *Hawkins,* 199 id. 68.

In *Peoria, Decatur and Evansville Railway Co.* v. *Goar, supra,* a bill was filed to enjoin the collection of a tax extended upon an assessment of real estate made by the local assessor which had been before that time legally assessed as

"railroad track" by the State Board of Equalization, and it was held the assessment having been made by a person who had no authority, in law, to make the assessment, was void, and the bill to enjoin the collection of the tax extended thereon should have been sustained. And in *Kimball* v. *Merchants' Savings, Loan and Trust Co. supra,* on page 613, it was said: "The principle of the cases in this court on this subject is, that a court of chancery has jurisdiction, and when invoked will assume to exercise it in all cases where the tax has been levied without authority of law or where the property is not subject to taxation." And in *Huling* v. *Ehrich, supra* (p. 317): "The board had no jurisdiction to re-assess his property, and in such case equity will restrain the collection of the illegal tax on the ground that the assessment is void as to the increase."

In the county of Cook, which contains more than 125,-000 inhabitants, assessments for taxation are made by a board of assessors under the provisions of the act of February 25, 1898, (Hurd's Stat. 1903, p. 1559,) and the board of assessors of said county had the power to assess the personal property of the appellant in the township of New Trier for the year 1902, although the same had been omitted by the assessor for the township for that year. *Burton Stock Car Co.* v. *Traeger,* 187 Ill. 9; *Grant Land Ass.* v. *People, ante,* p. 256.

The soundness of the doctrine announced in the foregoing cases is challenged by appellant. In those cases it was held the act of 1898 provided for two classes of deputy assessors in Cook county,—those appointed by the board for the city of Chicago and those elected for the townships situated outside the city,—but that the difference between said deputy assessors was not one of power to make assessments, but lay wholly in the fact that one class was appointed and the other class elected; that both were deputy assessors only, and performed the same duties and were under the direction and supervision of the board of assessors. Sections 7 and 8

of said act provide that all property in the State, except such as is exempt from taxation, shall be assessed with reference to ownership, amount, kind and value as of the first day of April in each year. Section 54 of the act provides the boards of assessors elected under its provisions shall perform the duties and have the powers in relation to assessment of property imposed upon or possessed by county or township assessors by law; and section 57, that in counties to which said act applies the township assessors shall not have the power or duty of assessing property except as otherwise provided in said act.

From a careful consideration of all the provisions of the act of 1898 we are disposed to adhere to the holding in *Burton Stock Car Co.* v. *Traeger, supra,* and *Grant Land Ass.* v. *People, supra,* that in counties where there is a board of assessors, assessments for taxation are made by the board of assessors and not by the deputy assessors, whether appointed or elected, and that the deputy assessors, whether appointed or elected, are under the control and direction of the board of assessors, and that it is the duty of said board of assessors to assess all property in the county not exempt from taxation, although said property may have been omitted by a deputy assessor from the lists or assessments returned by him to the board of assessors. The personal property of the appellant in New Trier township was therefore lawfully assessed in the year 1902 by the board of assessors, and the circuit court did not err in refusing to enjoin the collection of the tax extended thereon on the ground that said assessment was void by reason of its having been made by the board of assessors and not the township assessor.

The decree of the circuit court will be affirmed.

*Decree affirmed.*