(No. 16281.—Decree affirmed.)

THE NATIONAL RESERVE INSURANCE COMPANY, Appellee,
*vs.* W. J. SHIPTON, County Collector, Appellant.

*Opinion filed December 16, 1924.*

1. TAXES—*meaning of "capital stock" of corporation, in Revenue act.* The term "capital stock" of a corporation, as used in the Revenue act, does not mean shares of stock, either separately or in the aggregate, but means the property of the corporation.

2. SAME—*"intangible property" of corporation is to be assessed by tax commission.* Tangible property of a corporation is liable to assessment by the local authorities, but property embraced in the term "intangible property" is subject to be assessed and taxed by the tax commission and not by the local authorities.

3. SAME—*notes of corporation are intangible property, assessable by tax commission.* "Tangible property" of a corporation, as the term is used in the Revenue act, means such property as real estate, machinery, tools, implements, goods, wares and merchandise, but the term does not include bonds, notes, credits or evidence of an interest in property or evidence of debt, and such property, being intangible, is assessable only by the tax commission.

4. SAME—*equity may enjoin tax assessed without authority.* A court of equity has jurisdiction to enjoin the collection of a tax extended upon an assessment made by an officer or officers who had no authority to make the assessment.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM J. EMERSON, Judge, presiding.

HARRY C. TEAR, State's Attorney, (M. H. CLEARY, of counsel,) for appellant.

SCHUYLER, ETTELSON & WEINFELD, and JOHN C. BOEVERS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The National Reserve Insurance Company filed its bill in the circuit court of Jo Daviess county to enjoin the collection of a tax which the bill alleged was illegally levied and extended. The tax was extended on an assessment of

credits of complainant made by the board of review. The credits assessed were promissory notes secured by mortgage. The defendant demurred to the bill, and on the court overruling the demurrer defendant elected to abide by his demurrer, whereupon the court granted a decree enjoining the collection of the tax. Defendant has prosecuted this appeal.

The question presented for decision is whether credits are embraced in the words "capital stock" of a corporation, which were formerly required to be assessed for taxation by the State Board of Equalization but now by the Tax Commission, or whether they are tangible property which the local authorities are authorized to assess for taxation.

It was decided in *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561, that "capital stock," as intended by the Revenue act, did not mean shares of stock, either separately or in the aggregate, but meant the property of the corporation, and that decision has been repeatedly approved and adhered to. (*Pacific Hotel Co.* v. *Lieb,* 83 Ill. 602; *People* v. *Illinois Central Railroad Co.* 273 id. 220; *Illinois Central Railroad Co.* v. *Carr,* 302 id. 172.) In some of those cases the method of assessing the capital stock of corporations and ascertaining its value for the purpose of taxation was discussed. By express language the authority to assess the capital stock of complainant for taxation is conferred on the tax commission. If notes or bonds of a corporation are tangible property within the meaning of the Revenue act they were liable to assessment by the local authorities, but if embraced in the term "intangible property" they were subject to be assessed and taxed by the tax commission and not by the local authorities. This question was decided in the late case of *Illinois Central Railroad Co.* v. *Carr, supra,* and that decision is in harmony with previous decisions of this court. It was held in the *Carr case* that the term "tangible property," as used in the Revenue act, means corporate property, such as real estate, machinery, tools, implements, goods, wares and merchandise,

but does not include bonds, notes, credits or evidence of an interest in property or evidence of debt. (See, also, *Porter v. Rockford, Rock Island and St. 'Louis Railroad Co. supra; Central Illinois Public Service Co.* v. *Swartz,* 284 Ill. 108.) That a court of equity has jurisdiction to enjoin the collection of a tax extended upon an assessment made by an officer or officers who had no authority to make the assessment has been decided (*Chicago and Milwaukee Electric Railway Co.* v. *Vollman,* 213 Ill. 609,) and is not disputed by appellant.

The decree of the circuit court was in harmony with the adjudicated cases and is affirmed. *Decree affirmed.*